1   Margo Piscevich, NV Bar No. 0917
    Mark J. Lenz, Esq., NV Bar No. 4672
2   Piscevich & Fenner
    499 West Plumb Lane, Suite 201
3   Reno, Nevada 89509
    Tel:  (775) 329-0958
4   Fax:  (775) 329-2666
    *Attorneys for* DEFENDANTS

5

6                       **U.S. DISTRICT COURT**
                        **DISTRICT OF NEVADA**
7

8

9   KEVIN J. MIRCH, ESQ.,                    Case No. 3:05-cv-00641-RLH-RAM

10                      Plaintiff,

11  v.

12
    BRUCE BEESLEY, ROB BARE, BRIDGET ROBB
13  PECK, DONALD CHRISTENSEN, STATE BAR OF
    NEVADA, DOES I-X, A-Z CORPORATIONS,
14

15                      Defendants

16

# Motion to Dismiss (Fed.R.Civ.P. 12(b)(1))

17

18          Defendant State Bar of Nevada ("State Bar"), for itself alone, moves the Court pursuant

19  to Fed. R. Civ. P. 12(b)(1) for an Order dismissing Plaintiff's Complaint on the grounds that this

20  Court lacks subject matter jurisdiction over the State Bar.   The Eleventh Amendment of the

21  United States Constitution prevents this Court from exercising subject matter jurisdiction over

22  the State Bar, which, as an arm of the state, is immune from this and similar lawsuits.

23  Furthermore, as Plaintiff concedes in his First Amended Complaint, pre-existing ongoing

24  disciplinary proceedings before the State Bar against Plaintiff require this Court to abstain in

25  favor of the state judicial proceedings, pursuant to the *Younger* abstention doctrine.

26

27

28

- 1 -

1   This motion is based on the pleadings and papers filed herein, the Memorandum of Points

2   and Authorities which follow, and upon such further evidence and argument of counsel as the

3   Court may require or allow.

## Memorandum Of Points And Authorities

## I.    Nature of the Case.

On November 23, 2005, Plaintiff Kevin Mirch ("Mirch") filed a complaint in this court

for the sole purpose of obfuscating a disciplinary proceeding pending against him before the

State Bar.  He did not serve this complaint on any Defendant. On March 23, 2006, 120 days

later, Mirch filed a First Amended Complaint and served it on Defendants.[1]  Mirch's First

Amended Complaint is indisputably a prime example of vexatious and inappropriate litigation,

comprising sixty (60) pages and four hundred (400) paragraphs of repetitive, accusatory,

defamatory, largely unintelligible allegations against a panoply of judges, mediators, attorneys

and State Bar officials, all of whom are accused of conspiring against Mirch to destroy his law

practice and reputation.  His allegations span a period of twenty (20) years or more, and range

from nefarious political skullduggery, to terrorism (bombing of his office), to theft and fraud, to

intent to cause Mirch mental harm.  However, Mirch's allegations, even if they were all, in some

imaginable universe, to be accepted as true, must fail to overcome the obvious and fatal

jurisdictional deficiencies in his First Amended Complaint.

Although Mirch is an attorney licensed to practice law in the State of Nevada since

December 31, 1983, (Nevada State Bar Number 923), and has had some apparent successes in

his practice, he has also been accused on numerous occasions of stepping beyond the bounds of

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV  89509   775.329.0958

---

[1] Plaintiff also employed this delayed-service tactic in the underlying state action before Judge Hardesty, who determined the conduct to be additional evidence of bad-faith on Plaintiff's part.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

legal propriety, one of which purportedly forms the basis for this present action.  On September

26, 2002, he filed a First Amended Complaint in the Second Judicial District Court, Washoe

County, Nevada, *styled Kevin J. Mirch, Doe Plaintiffs A-Z v. McDonald, Carano & Wilson, LLP,*

*Leigh Goddard, Esq., and Doe Attorneys 1-10.*, case no. CV02-05644.  On October 9, 2003,

District Judge James Hardesty entered an Order Dismissing Plaintiff's lawsuit, imposing

sanctions pursuant to NRCP  11, and referring the matter to the State Bar for disciplinary

investigation.  Following additional correspondence and investigation, the State Bar filed a

Formal Complaint against Mirch on June 14, 2004.  After extensive motion practice and

continuances, most of which were requested by Mirch, the matter is scheduled for hearing

beginning July 13, 2006.  It is this hearing which Mirch now seeks to enjoin.

## II.   Statement Of Facts.

The nature and organization of the State Bar is established by statute and rules

promulgated by the Nevada Supreme Court.  The State Bar of Nevada is a public corporation

created by statute.  NRS 7.275 (2001) provides,

> 1. The State Bar of Nevada, a public corporation heretofore created by statute, is hereby
> continued ***under the exclusive jurisdiction and control of the supreme court***.
> 2. The State Bar of Nevada has perpetual succession and a seal and it may sue and be
> sued. It may, for the purpose of carrying into effect and promoting its objectives:
> (a) Make contracts.
> (b) Own, hold, use, manage and deal in and with real and personal property.
> (c) Do all other acts incidental to the foregoing or necessary or expedient for the
> administration of its affairs and the attainment of its purposes.
> 3. Rules for the government of the State Bar of Nevada shall be made by the supreme
> court pursuant to NRS 2.120

(Emphasis added).

Nevada Supreme Court Rule (SCR) 76 expands upon this language, and provides,

> 1. The State Bar of Nevada, a public corporation heretofore created by statute, shall
> govern the legal profession in this state, subject to the approval of the supreme court.
> ***The state bar is under the exclusive jurisdiction and control of the supreme court*** and

1 is an association of persons now or hereafter regularly licensed to practice law in the
State of Nevada.

2 2. The state bar has perpetual succession and a seal and it may sue and be sued. It may,
for the purpose of carrying into effect and promoting its objectives, make contracts,

3 own, hold, use, manage and deal in and with real and personal property, subpoena
witnesses for the purpose of aiding in cases of discipline, suspension or disbarment, or

4 application for admission, and do all other acts incidental to the foregoing or necessary
or expedient for the administration of its affairs and the attainment of its purposes

5

6 (Emphasis added).

7 Finally, with respect to discipline of Nevada-licensed attorneys, SCR 99 provides,

8
1. Every attorney admitted to practice law in Nevada or specially admitted by a court of

9 this state for a particular proceeding, or practicing law here, whether specially admitted
or not, *is subject to the exclusive disciplinary jurisdiction of the supreme court and*

10 *the disciplinary boards and hearing panels created by these rules.*
2. Nothing contained in these rules denies any court the power to maintain control over

11 proceedings conducted before it, such as the power of contempt, nor do these rules
prohibit any association from censuring, suspending, or expelling its members.

12

13 (Emphasis added).

14 As noted, Mirch is a Nevada-licensed attorney.  [First Amended Complaint, ¶ 16].

15 MIrch's Fifth Cause of Action, among others, alleges that there are already ongoing disciplinary

16 proceedings in this matter arising from Judge Hardesty's Order which pre-date this present

17 action.  Because of the near-impossible difficulty in citing to any specific facts in Mirch's First

18 Amended Complaint, the State Bar attaches hereto as **Exhibit "A"** a copy of the discipline

19 Complaint currently pending before the State Bar.

20

21 ## III.  Argument

22

23 **A.    This Court Lacks Subject Matter Jurisdiction Over
The State Bar Of Nevada Based Upon Sovereign
Immunity, As Provided For In The Eleventh Amendment
To The United States Constitution.**

24
25
26
27
28

- 4 -

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

1
2
3
4
5
6
7
8

This Court lacks subject matter jurisdiction to adjudicate Mirch's action for injunctive and declaratory relief against the State Bar because the State Bar enjoys immunity from suit pursuant to the Eleventh Amendment of the United States Constitution.  The Eleventh Amendment of the United State Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

9
10
11
12
13
14
15
16
17
18
19
20

It is well established that the Eleventh Amendment stands as jurisdictional bar to suits brought in federal court against state agencies and departments. *Charley's Taxi and Radio Dispatch v. Sida of Hawaii*, 810 F.2d 869, 873 (9th Cir. 1987) citing *Almond Hill School v. United States Department of Agriculture*, 768 F.2d 1030, 1034 (9th Cir. 1985). *See, also, Alabama v. Pugh*, 438 U.S. 781, 781-82 (1977), *Elderman v. Jordan*, 415 U.S. 651, 678, 94 S.Ct. 1347, 1363 (1974)("the Eleventh Amendment immunity defense sufficiently partakes of the nature of a jurisdictional bar . . ."); *Draper v. Coombs*, 792 F.2d 915, 918 (9th Cir. 1986); *Wu v. State Bar of California*, 953 F. Supp. 315; 318-19 (C.D. Cal. 1997)(asserting that "[t]he Eleventh Amendment provides the State Bar of California with immunity from suits in federal court for monetary relief.").

21
22
23
24
25

This immunity exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 277, 106 S.Ct. 2932 (1986), citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 10, 14 S.Ct. 900, 908 (1984).  It is also well established that the only exception to this immunity, absent an "'unequivocal indication'" of a waiver of that immunity,[2] is a suit seeking to prospectively enjoin a "*state official*" from engaging in an alleged unconstitutional

26

---

27
28

[2] *See Charley's Taxi*, *supra*, at 873, citing *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 3145 n. 1, 87 LEd.2d 171 (1985).

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

1  act. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 10, 14 S.Ct. 900, 908

2  (1984). *Papasan v. Allain*, 478 U.S. 265, 277, 16 S.Ct. 2932, 2939 (1986), citing *Ex parte Young*,

3  29 U.S. 123, 28 S.Ct. 441 (1908). *See, also, Standard Alaska Prod. Co. v. Schaible*, 874 F.2d

4  624, 626 (9th Cir. 1989)(emphasis added).

5      The Nevada Supreme Court is immune from suit in federal court.  *Louis v. Supreme*

6  *Court of Nevada,* 490 F.Supp. 1174, 1180 (D. Nev. 1980) ("The Supreme Court of Nevada is an

7  agency of the State of Nevada and immune from suit under the Eleventh Amendment to the U. S.

8  Constitution." *citing*, *Brown v. Supreme Court of Nevada*, 476 F.Supp. 86 (D.Nev.1979)).

9  Indeed, the Supreme Court is the State of Nevada.  *Goldberg v. Eighth Judicial Dist. Court,* 572

10 P.2d 521, 522, 93 Nev. 614, 615 (1977) ("[I]t is clear that the judiciary, as a coequal branch of

11 government, has inherent powers to administer its affairs.")[3]

12     "[T]he State Bar of Nevada is the investigative arm of the Nevada Supreme Court

13 charged with investigating and disciplining the legal profession in Nevada." *O'Connor v. State of*

14 *Nevada*, 57 F.Supp. 546, 550 (D. Nev. 1981), *aff'd*, 686 F.2d 749 (9th Cir. 1982), *cert. den.*, 459

15 U.S. 1071, 103 S.Ct. 491 (1982). *See, also, Ginter v. State Bar of Nevada*, 625 F.2d 829, 830

16 (9th Cir. 1980)(affirming the dismissal of a plaintiff's suit because "the Nevada State Bar

17 Association, as an arm of the state, is not subject to suit under the Eleventh Amendment").  As

18 "arms of the state itself," the State Bar of Nevada and the Supreme Court of Nevada do *not* act in

19 the capacity of "state official[s]" as contemplated by the only exception to Eleventh Amendment

20 immunity set forth in *Ex parte Young, supra*, and its progeny. *Id.*

---

[3] Article 3, section 1, of the Nevada Constitution provides," The Powers of the Government of the
State of Nevada shall be divided into three separate departments, the Legislative, the Executive
and the Judicial;…."  Article 6, section 1, provides, "The Judicial power of this State shall be
vested in a court system, comprising a Supreme Court, District Courts, and Justices of the Peace."

apIn short, a state itself or an "arm" thereof is *not* subject to a suit for any form of injunctive or declaratory relief in light of the Eleventh Amendment's express jurisdictional bar, absent an unequivocal waiver.  Suffice it to say, Nevada has expressly *refused* to waive its Eleventh Amendment immunity.  NRS 41.031(4).  In light of the foregoing, the State Bar of Nevada respectfully hereby invokes its Eleventh Amendment immunity as an express jurisdictional bar to Mirch's suit.  Therefore, Mirch's claims against the State Bar of Nevada must be dismissed because this Court lacks subject matter jurisdiction.

## B.    The Abstention Doctrine Set Forth In Younger v. Harris Mandates That This Court Refrain From Intervening In Ongoing Disciplinary Proceedings.

In *Younger v. Harris,* 91 S.Ct. 746, 27 L.Ed.2d 669 (1971*)*, the United States Supreme Court reversed the decision of the Central District of California enjoining prosecution and enforcement of California's Criminal Syndicalism Act on the grounds it was unconstitutionally vague and overbroad.  The Supreme Court found that the injunction was, "a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id.,* at 749 (*citing* 28 U.S.C. 2283, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").  The Supreme Court also reversed the declaratory judgment entered by the lower court, noting that, "declaratory relief is also improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated."  *Id,* at n.2.

In *Rosenthal v. Carr*, 614 F.2d 1219, (9th Cir. 1980), the Ninth Circuit Court of Appeals extended the abstention doctrine to disciplinary hearings.  In *Rosenthal*, Plaintiff was a California licensed attorney against whom disciplinary proceedings were pending.  He filed suit

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509 775.329.0958

1   in federal court, seeking injunction and declaratory relief against the State Bar.  In affirming the

2   dismissal, the Appeals Court stated,

3
> The abstention doctrine, as announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746,
4
> 27 L.Ed.2d 669 (1971) and extended in *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct.
> 1200, 43 L.Ed.2d 482 (1975), and *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911,
5
> 52 L.Ed.2d 486 (1977), bars a federal court from enjoining pending state court criminal
> or civil enforcement proceedings absent exceptional circumstances. ***We agree with***
6
> ***decisions of the Second, Third and Fourth Circuits that the abstention doctrine***
> ***generally precludes federal court interference with pending state attorney disciplinary***
7
> ***proceedings.*** *Anonymous v. Association of the Bar of City of New York,* 515 F.2d 427
> (2d Cir.), *cert. denied*, 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975); *Erdmann v.*
8
> *Stevens*, 458 F.2d 1205 (2d Cir.), *cert. denied*, 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d
> 147 (1972); *Gipson v. New Jersey Supreme Court,* 558 F.2d 701 (3d Cir. 1977);
9
> *American Civil Liberties Union v. Bozardt*, 539 F.2d 340 (4th Cir.), *cert. denied*, 429
> U.S. 1022, 97 S.Ct. 639, 50 L.Ed.2d 623 (1976). *See also Mildner v. Gulotta*, 405
10
> F.Supp. 182 (E.D.N.Y.1975), *aff'd sub. nom. Levin v. Gulotta*, 425 U.S. 901, 96 S.Ct.
> 1489, 47 L.Ed.2d 751 (1976).
11

12  *Id.* (emphasis added).

13
14          A year later, the Ninth Circuit revisited the abstention doctrine in disciplinary matters in

15  *Flangas v. State Bar of Nevada*, 655 F.2d 946 (9th Cir. 1981).  Four of the five sitting Justices of

16  the Nevada Supreme Court appealed an order of the District Court enjoining disciplinary

17  proceedings based upon the District Court's finding of "bias-in-fact" by the Nevada Supreme

18  Court against Flangas.  "The district judge concluded that the bias-in-fact on the Nevada

19  Supreme Court constituted an "exceptional circumstance" that is an exception to the general rule

20  against enjoining ongoing state proceedings."  *Id*., at 948.[4]

21          The Court of Appeals reversed.  "[T]he abstention doctrine would normally bar the

22
23  district court from enjoining the pending attorney disciplinary proceeding absent a showing by

24  Flangas of "exceptional circumstances." *Id*., at 949.   However, the Court found that since

25  Flangas had failed to utilize statutory and constitutional measures available under Nevada law to

26

27
28          [4] It should be noted that the District Court dismissed the State Bar of Nevada as a defendant,
            which dismissal Flangas did not appeal.

1   cure the alleged bias of Nevada Supreme Court, it could not be determined whether there were

2   "exceptional circumstances" as would allow district court to enjoin disciplinary proceeding

3   before Nevada Supreme Court.

## IV.   Conclusion.

Mirch's lawsuit concerns a disciplinary proceeding before the State Bar of Nevada against a Nevada-licensed attorney.  The State Bar enjoys constitutional immunity in this matter and, accordingly, this Court lacks subject matter jurisdiction.

Even if suit were later brought against an individual official of the State Bar instead of the Bar itself, this Court would be required to abstain in favor of the already ongoing state judicial proceedings.  Accordingly, this Court should grant The State Bar's Motion to Dismiss with Prejudice for Lack of Subject Matter Jurisdiction and consistent with the *Younger* abstention doctrine.

Dated this 19th day of April, 2006.

PISCEVICH & FENNER

By:    /s/_____
        Mark J. Lenz, Esq.
        499 West Plumb Lane, Suite 201
        Reno, NV  89509
        Attorneys for Defendants

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of PISCEVICH &

FENNER and that on this date I caused to be served a true and correct copy of the document

described herein by the method indicated below, and addressed to the following:

**Document Served:**                          MOTION TO DISMISS


**Person(s) Served:**

Kevin J. Mirch                      _____      Hand Deliver
329 Flint Street                    \_\_\_\_XX\_\_\_\_      U.S. Mail
Reno, NV 89501                      _____      Overnight Mail
                                    _____      Facsimile
                                                          [number]


DATED this 19th day of April, 2006.



/s/_____
TERESA BORJON

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV  89509   775.329.0958

- 10 -