EXHIBIT "A"

EXHIBIT "A"

FILED

JUN 15 2004

T. Slaughter
STATE BAR OF NEVADA

1  Case No.    N03-34-20

2                           **STATE BAR OF NEVADA**

3                   **NORTHERN NEVADA DISCIPLINARY BOARD**

4

5  STATE BAR OF NEVADA,                    )
                                           )
6              Complainant,                )
                                           )
7       vs.                                )              **COMPLAINT**
                                           )
8  KEVIN J. MIRCH, ESQ.,                   )
                                           )
9              Respondent.                 )
   _____)

10

11 TO:    KEVIN J. MIRCH, Esq.
           c/o David Hamilton, Esq.
12         321 South Arlington Avenue
           Reno, NV  89501-2001
13

14         PLEASE TAKE NOTICE that pursuant to Supreme Court Rule 105(2), a response,

15 (an Answer), to this Complaint must be filed with the Northern Nevada Disciplinary Board

16 Chair, Patrick V. Fagan, 402 North Division, Carson City, Nevada 89703, and a copy

17 must be served on Rob W. Bare, Bar Counsel, State Bar of Nevada, 1325 Airmotive

18 Way, Suite 140, Reno, Nevada 89502, both within twenty (20) days of service of this

19 Complaint.  Procedure regarding service is addressed in Supreme Court Rule 109.

20         Complainant, State Bar of Nevada, by and through its Bar Counsel, Rob W. Bare,

21 alleges that Respondent, Kevin J. Mirch, is now and at all times pertinent herein was, a

22 licensed attorney in the State of Nevada, having had his principal place of business for

23 the practice of law in Washoe County, Nevada, and that he engaged in acts of

24 misconduct warranting the imposition of professional discipline as set out herein.

25 . . .

## COUNT 1

1.      In September 2002, Respondent filed a Complaint and a First Amended Compliant in the Second Judicial District Court, which named the law firm of McDonald, Carrano, and Wilson, LLP, and Nevada attorney Leigh Goddard as Defendants.

2.      On October 9, 2003, the Honorable James W. Hardesty, District Judge, entered an Order relevant to the pending Complaint.  A certified copy of this Order is attached hereto as **Exhibit 1** and is incorporated by reference herein.

3.      As part of this disciplinary Complaint, the State Bar of Nevada further adopts and incorporates by reference each and every factual finding and legal finding made by the Court in the attached Order.

4.      Based upon the above, Respondent's conduct is in violation of SCR 170 (Meritorious claims and contentions).

WHEREFORE, Complainant prays as follows:

1.      That a hearing be held pursuant to Nevada Supreme Court Rule 105;

2.      That Respondent be assessed the costs of the disciplinary proceeding pursuant to Supreme Court Rule 120(1); and

3.      That pursuant to Supreme Court Rule 102, such disciplinary action be taken by the Disciplinary Board for the Northern District of Nevada against Respondent as may be deemed appropriate under the circumstances.

Dated this _15th_ day of June, 2004.

STATE BAR OF NEVADA

By: _____

Rob W. Bare, Bar Counsel
1325 Airmotive Way, Suite 140
Reno, Nevada  895021
(775)329-4100
Attorney for State Bar of Nevada

-2-

# EXHIBIT 1

ORIGINAL

FILED

1    3370                                                    OCT 0 9 2003

2                                          RONALD A. LONGTIN, JR. CLERK
                                           By: _____
3                                                      DEPUTY

4

5          IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

6                      IN AND FOR THE COUNTY OF WASHOE

7

8    KEVIN MIRCH,
                                    Plaintiff,
9

10   v.                                       Case No. CV02-34712

11                                            Dept. No. 9

12   McDONALD, CARANO & WILSON, LLP., and
     LEIGH GODDARD,
13                                  Defendants.

14

15   _____/

16

17                                    ORDER

18          The Court has reviewed and considered the points and authorities in support

19   of and in opposition to Defendants' Motion to Dismiss filed on February 10, 2003.

     Additionally, the Court conducted oral argument on the Motion and, thereafter, ordered
20
     supplemental briefing.  The Motion was submitted for decision on August 12, 2003.[1]
21
            Kevin Mirch, a Nevada attorney appearing in propria persona, filed the First
22
     Amended Complaint on September 26, 2002.  The Complaint names Doe Plaintiffs and
23
     alleges three claims for relief.
24

25

26

27   _____

28   [1]     Pursuant to the request for assistance of the Department 6 caseload, the Court reassigns this case
     to Department 9 for all further proceedings.  See WDCR 2(6).

                                         1

1    In his first claim for relief, Mirch seeks damages alleging intentional
2    interference with present contractual relationships by Defendants with a Mr. & Mrs. Frank
3    and one Denise Reed.[2]

4    The second claim for relief seeks damages for all Plaintiffs resulting from an
5    alleged conspiracy by Defendants to commit bankruptcy fraud with Frank.[3]

6    The third claim for relief, captioned "Whistleblower", repeats the allegations
7    contained in the second claim, alleges Mirch disclosed the alleged bankruptcy fraud to the
8    Bankruptcy Court and seeks damages for all Plaintiffs.[4]

9    Defendants seek dismissal for failure to state a claim pursuant to *NRCP*
10   *12(b)(5)* and as a sanction pursuant to *NRCP 11*. Defendants also seek monetary
11   sanctions for Mirch's alleged violation of *NRCP 11*. The parties have requested the Court
12   consider matters outside the pleadings. As a consequence, the Court shall treat the
13   Defendant's Motion to Dismiss as one for summary judgment under *NRCP 56*. See *NRCP*
14   *12(b)(5)*.

15   The operative facts are not in dispute. In 1991, Mirch represented Advanced
16   Physicians Products, Inc. (APPI) and Dr. Kenneth Frank in an action brought against them
17   by Universal Sales, Inc. In September 1991, Mirch answered, counterclaimed and filed a
18   third party claim adding new parties.

19   The litigation arose out of a Confidentiality and Non-Disclosure Agreement
20   between APPI and Universal Sales, dated November 29, 1990. Frank developed a

21
22
_____

23   [2]    During oral argument Mirch identified another client or former client with whom Defendants had
24   allegedly interfered. However, no amendment of the First Amended Complaint has been sought and the
     Court will not consider this new party as part of this case.

25   [3]    Paragraph 35 of the First Amended Complaint alleges damages by Mirch of over $1,000,000 and by
26   Doe Defendants (sic) of over $2,000,000. The Court understands this paragraph to mean or refer to the Doe
     Plaintiffs.

27   [4]    Paragraph 48 of the First Amended Complaint alleges damages by Mirch of over $1,000,000 and by
28   Doe Defendants (sic) of over $2,000,000. The Court understands this paragraph to mean or refer to the Doe
     Plaintiffs.

1  formula for nutritional supplements and assigned his rights to APPI. The Confidentiality
2  Agreement protected the disclosure of confidential information by APPI to Universal Sales
3  who, along with its predecessors, agreed to market the supplements. APPI/Frank claimed
4  Universal Sales and others violated the Agreement and sought damages.

5        Mirch admits Frank developed the formula after Frank filed a Chapter 11
6  bankruptcy petition in 1984. A Plan of Reorganization was confirmed in Frank's
7  bankruptcy in 1986. However, the bankruptcy was later converted to a Chapter 7
8  liquidation on May 17, 1994, and Frank was discharged on October 12, 1994.

9        In March of 1995, Mirch obtained a default judgment for APPI and Frank in
10 the sum of $3,400,000 against Universal Sales and the third parties. In 1999, an asset
11 location firm identified several million dollars in a Utah brokerage account owned by
12 Universal Sales and/or the third parties. The broker interpled the funds in the United
13 States District Court in Utah and the case was later transferred to the federal District Court
14 in Nevada.

15       There are several claimants to the funds, including Mirch. Mirch claims he is
16 entitled to a 40% contingency fee for his representation of APPI/Frank.[5] Attorney Kent
17 Robison represented APPI/Frank initially, but on March 13, 2002, withdrew due to a
18 conflict. Thereafter, Defendants in this case commenced their representation of
19 APPI/Frank. In addition to denying any contingency fee, APPI/Frank filed a malpractice
20 claim against Mirch.[6] These matters are still pending before the Nevada federal District
21 Court. However, Defendants have been forced to withdraw as counsel for APPI/Frank
22 because of this action.

---

25 [5]   Mirch initially filed suit against his former clients in state court. That was later removed and
26 consolidated in the Nevada federal interpleader action.
27 [6]   The 1995 default judgment awarded $1,000,000 for personal losses caused by the emotional
   distress suffered by Frank. However, that part of the award was set aside in the federal interpleader action,
28 the Court finding Frank was not a counterclaimant in the 1991 action and the corporation could not maintain
   a claim for personal losses.

1    On May 25, 1999, Mirch sued his former client Denise Reed for non-payment

2  of fees.[7] The case was initially referred to arbitration. The arbitrator entered an award in

3  favor of Mirch on June 21, 2000. Reed sought a trial de novo and a verdict in favor of

4  Mirch was returned by a jury on April 22, 2002. Post trial motions in the case are still

5  pending.

6    As a threshold matter, the Court fails to see any basis for naming Doe

7  Plaintiffs in this case. The First Amended Complaint names 77 parties who may be

8  creditors of Frank between 1984 and 1994, alleging each of these individuals have been

9  defrauded in the Bankruptcies filed by Mr. and Mrs. Frank. Damages are then sought for

10  the Doe Plaintiffs for the alleged bankruptcy fraud under the second and third claims for

11  relief.

12    However, Mirch admits he does not represent any of these parties, has not

13  been authorized to file suit on their behalf and is not, himself, a creditor of the Frank

14  bankruptcy. Moreover, the naming of these parties violates *NRCP 10(a)*. "A party whose

15  name is not known may be designated by any name, and when his true name is

16  discovered, the pleading may be amended accordingly." *Id.* In this case, Mirch obviously

17  knew the names of the parties making a potential claim for bankruptcy fraud. They were

18  named in paragraph 2. None of these parties qualifies as a Doe party and their inclusion

19  in the First Amended Complaint is improper.

20    More importantly, they have no claim against these Defendants for

21  bankruptcy fraud and neither does Mirch. Federal law preempts the Doe Plaintiffs and

22  Mirch's claims for bankruptcy fraud in state court. The state court lacks jurisdiction to hear

23  these claims. Mirch is not a creditor in the bankruptcy case and lacks any standing to sue

24  for alleged bankruptcy fraud committed on an estate in a case in which he is not a creditor.

25  Additionally, Judge Reed concluded on September 28, 2000, in the Nevada federal

26  interpleader cases involving APPI/Frank and Universal Sales that Frank had no legal duty

27

28  [7]    The Court takes Judicial Notice of Case No. CV99-02799 pending in the Second Judicial District
Court. See *NRS 47.130*.

4

1 | to disclose post-plan-acquired assets to the Bankruptcy Court. Mirch is collaterally
2 | estopped on this issue.

3 |      Finally, *11 U.S.C. 541(a)(1)* defines property of the bankruptcy estate as all
4 | legal and equitable interest of the debtor at the time the bankruptcy case commences.
5 | When an estate acquires property after the commencement of the case, such property is
6 | the debtor's property and remains distinct from the bankruptcy case. *In re Smith,* 235 F.
7 | 3d 472, 478 (9th Cir. 2000). Once a bankruptcy case is converted from one chapter to
8 | another under the Bankruptcy Code, the date of the filing of the petition or the
9 | commencement of the case does not change. *11 U.S.C. 348(a).*

10 |      Here, Frank filed for Chapter 11 bankruptcy on June 18, 1984. Pursuant to
11 | *11 U.S.C. 541 (a)(1)*, Frank's bankruptcy estate was comprised of all legal or equitable
12 | interest he held as of June 18, 1984. Any property acquired by Frank subsequent to June
13 | 18, 1984, remains Frank's property, separate from the bankruptcy estate. Therefore,
14 | claims for breach of the November 29, 1990, Confidentiality and Non-Disclosure
15 | Agreement are not assets of the estate. Whatever disposition is made in the federal court
16 | to pay the 1995 default judgment, it is clear the creditors in the Frank bankruptcy have no
17 | claim to the funds.

18 |      Mirch's second claim for relief alleges conspiracy by Defendants and Frank
19 | to commit bankruptcy fraud on Mirch and the Doe Plaintiffs. "A civil conspiracy is a
20 | combination of two or more persons by some concerted action to accomplish some
21 | criminal or unlawful purpose or to accomplish some purpose not in itself criminal or
22 | unlawful by criminal or unlawful means." *Eikelberger v Tolotti,* 96 Nev. 525, 528 n.1, 611
23 | P2d 1086, 1089 n.1 (1980).

24 |      In effect, Mirch charges Frank and his counsel engineered the bankruptcy
25 | fraud on the creditors. This is absurd. Defendants did not become counsel for Frank until
26 |
27 |
28 |

1    March of 2002, long after the events giving rise to these bankruptcy claims occurred.[8]

2    Further, both Judge Reed and this Court have ruled that the claims against Universal

3    Sales, et al., are not assets of the bankruptcy estate. Additionally, as noted, Mirch is not a

4    creditor in the estate and, therefore, could have suffered no harm. Mirch fails to

5    demonstrate a factual or legal basis for a criminal or unlawful purpose or means needed

6    for a claim of conspiracy.[9]

7            The third claim for relief alleges Mirch is a Whistleblower in the caption.

8    However, it is impossible to discern what claim or legal theory is being alleged and how

9    Mirch or the Doe Plaintiffs would have any right to damages under it. Mirch has failed to

10   cite any legal authority to support a theory for this claim.

11           Good cause appearing, IT IS HEREBY ORDERED that the Defendants'

12   Motion to Dismiss is GRANTED as to Plaintiffs' Second and Third claims for relief and they

13   are dismissed with prejudice. See *NRCP 12(b)(5)*.

14           In his First Claim for Relief, Mirch alleges Defendants interfered with the

15   contractual relations between himself, Frank and Reed individually. In an action for

16   intentional interference with contractual relations the Plaintiff must establish (1) a valid

17   contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or

18   designed to disrupt the contractual relationship; (4) actual disruption of the contract; and

19   (5) resulting damage. *J.J. Industries, LLC, v Bennett,* 119 Nev. Adv. Rep. 33, 71 P3d

20   1264, 1267 (2003). Mirch cannot show Defendants caused the disruption and resulting

21   damage as to either Frank or Reed.

22           With respect to Frank, Mirch claims that by defending a former client in an

23   action in which Mirch and Frank have conflicting views over the attorney client contract, the

24   lawyer defending the former client can be sued for interference with contractual relations.

25

26

27   [8]    As defense counsel noted, Defendant Leigh Goddard was in college at the time Frank's bankruptcy
     converted to Chapter 7.

28   [9]    None of the cases cited in Mirch's supplemental brief support a claim for bankruptcy fraud in this
     case.

1  This concept is preposterous and Mirch has offered no legal authority to support it.

2  Carried to its most logical conclusion, no former client could ever be represented by an

3  attorney, for to do so would constitute a tort by the counsel.

4          As to the claim that Defendants interfered with the Reed contract, the

5  contractual relationship was the subject of litigation long before Defendants undertook

6  representation of Frank.  In that litigation, an arbitrator held in favor of Mirch more than 20

7  months before Defendants represented APPI/Frank in the federal action.  Further, there is

8  no showing that Defendants did anything to prevent Mirch from later obtaining a jury

9  verdict against Reed.[10]

10          Good cause appearing, IT IS HEREBY ORDERED that Defendants' Motion

11  to Dismiss the First Claim for Relief is GRANTED and the claim is dismissed with

12  prejudice.[11]

13          Defendants seek sanctions pursuant to *NRCP 11*.  Under this Rule, the

14  signature by a party or lawyer constitutes a certification that, after reasonable inquiry, the

15  pleading (a) is well grounded in fact, (b) is warranted under existing law or a good faith

16  argument for the extension, modification, or reversal of existing law, and (c) is not filed for

17  an improper purpose such as to harass or cause unnecessary delay or cost of litigation.

18  *Id.*  When an attorney or party violates *NRCP 11*, the Court "shall impose . . . an

19  appropriate sanction . . .".  *Id.*

20          Our High Court has made clear "*NRCP 11* sanctions should be imposed for

21  frivolous actions." *Bergmann v. Boyce,* 109 Nev. 670, 676, 856 P.2d 560, 564 (1993);

22  citing *Marshall v District Court,* 108 Nev. 459, 465, 836 P.2d 47, 52 (1992).  "A frivolous

23  claim is one that is "'both baseless and made without a reasonable and competent

24  inquiry.'" *Id.;* citing *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 162 (9th Cir.

25  1990).  When determining whether a claim is frivolous, the Court shall apply a two-pronged

26

27  [10]    Interestingly, the jury's verdict resulted in an award of more money than Mirch claimed against Reed.

28  [11]    Mirch seeks further discovery on all claims.  However, nothing in discovery will salvage claims that
are not legally cognizable.

1   analysis: "(1) the court must determine whether the pleading is 'well grounded in fact and

2   is warranted by existing law or a good faith argument for the extension, modification or

3   reversal of existing law'" (*Id.*; citing *Golden Eagle*, 801 F.2d 1531, 1537 (9th Cir. 1986); and

4   "(2) whether the attorney made a reasonable and competent inquiry." *Id.*

5         Under the first prong of the *Bergmann* analysis, "the trial court must examine

6   the actual circumstances surrounding the case to determine whether the suspect claims

7   were brought without reasonable grounds." *Id.*

8         In the First Amended Complaint, Mirch:

9   -    accuses Defendants of committing bankruptcy fraud;

10   -    alleges Defendants failed to produce or destroyed documents which would

11         prove the bankruptcy fraud;

12   -    alleges Defendants could obtain favorable rulings in the pending federal

13         litigation through the exercise of political influence on the federal judges

14         presiding over the litigation; and

15   -    alleges Defendants interfered with the contractual relations between Frank

16         and another former client of Mirch.

17         As noted earlier, Mirch has offered no legal authority to support the claim that

18   these Defendants committed bankruptcy fraud or that this Court has jurisdiction to award

19   damages in such an event. Indeed, the Court was stunned to learn during oral argument

20   that Mirch had not researched nor considered the effect of *11 U.S.C. 348 (a)* on the claim

21   of bankruptcy fraud. Further, the third claim is almost unintelligible. However, to the

22   extent Plaintiffs seek damages regarding the assertion that Mirch is a whistleblower, the

23   Court was neither provided with, nor found any legal authority supporting the application of

24   this concept to the present factual circumstances.[12]

25         Furthermore, Mirch is not a creditor in the bankruptcy case, nor is there a

26   basis for naming the Doe Plaintiffs in the Complaint. Mirch would have no claim even if

27

28   [12]    The legal concept of "whistleblower" has historically been limited to employer/employee situations.
Mirch has offered no authority for the extension of this concept to this case.

1 | bankruptcy fraud had been committed by Frank. Mirch offered no facts to support the
2 | allegation that Defendants had withheld or destroyed documents[13] and failed to offer a
3 | single instance in which a federal court order was the result of some alleged political
4 | influence exerted by Defendants. Finally, Mirch offers no factual or legal basis to support
5 | the two interference claims.[14]

6 | In short, the First Amended Complaint represents the most scandalous,
7 | unsupported pleading this Court has had the misfortune to read during its tenure on the
8 | bench. The Court finds the Complaint to be facially deficient and legally frivolous, and as a
9 | result, must now determine whether the pleading was interposed for an improper purpose
10 | pursuant to NRCP 11.

11 | The Complaint was filed on September 25, 2002, and the First Amended
12 | Complaint was filed the next day on September 26, 2002. A courtesy copy of the First
13 | Amended Complaint was provided to Ms. Goddard on the same day and just days before
14 | she was to depose Mirch in the federal case. However, Mirch waited until just three days
15 | remained before the time expired under NRCP 4(i) to personally serve the Defendants.

16 | It is apparent Mirch intended to create a conflict between Defendants and
17 | their client in the federal action. It worked. Defendants have been forced to withdraw
18 | from their representation of APPI/Frank in the federal case in order to defend themselves
19 | in this case. The Court finds the First Amended Complaint was interposed for the purpose
20 | of harassing Defendants and creating additional chaos in the federal court proceedings.
21 | The First Amended Complaint violates NRCP 11.

22 |
23 |

24 | [13] When asked about this matter at oral argument, Mirch's sole reference is that he had turned over
25 | certain documents to Frank who stated he had turned the documents over to Defendants. Defendants
26 | reported they did not have said documents. None of these allegations were supported by an affidavit or
   | sworn testimony from anyone.

27 | [14] The Court has reviewed and considered the points and authorities provided in support of Mirch's
28 | contractual interference claims. See *Eikelberger v. Tolotti*, 96 Nev. 525 (1980); *J.J. Indus., LLC v. Bennett*,
   | 71 P.3d 1264 (2003). In its determination, the Court has concluded that these cases fail to support Mirch's
   | claim on this issue.

1    This case sets a dangerous precedent that cannot be overlooked by this

2    Court. Where, as here, the Court finds Mirch violated N.RCP 11, appropriate sanctions are

3    mandatory. See also NRS 7.085.[15]

4        Initially, the Court believes Mirch has committed a violation of the Rules of

5    Professional Conduct. See SCR 170. Pursuant to the Nevada Code of Judicial Conduct,

6    Canon D(2), the Court refers this matter to the Nevada State Bar Counsel for disciplinary

7    investigation. Defendants' counsel is ordered to send a copy of this Order and all

8    pleadings in this case to Bar Counsel within 10 days of the date of this Order.

9        Defendants seek monetary sanctions for their costs and fees in this matter.

10    The assessment of added monetary sanctions may be appropriate in this case as a

11    deterrence to future conduct. However, when assessing Rule 11 sanctions certain factors

12    must be considered. Danvers v. Danvers, 959 F.2d 601, 605 (6th Cir. 1992). For the Court

13    to properly evaluate those factors, Defendants and Mirch must supply certain financial

14    information to the Court.

15        IT IS HEREBY ORDERED that the Defendants shall have fifteen (15) days

16    from the date of the Order to file and serve any affidavits setting forth their claim for fees

17    and costs in this matter. Mirch shall have thirty (30) days from the date of this Order to

18    provide the Court with a sworn financial statement dated no later than six (6) months from

19    the date of the Order. The sworn financial statement shall be filed under seal by the clerk

20    of the Court. Mirch shall notify Defendants of the filing of the sworn statement, but shall

21    not be required to serve a copy of same. Mirch shall also file within thirty (30) days of the

22    date of this Order, any opposition he shall have to the Defendants' claim for fees and

23

24

---

25    [15]    NRS 7.085 If a court finds that an attorney has (1) Filed, maintained or defended a civil action or

26    proceeding in any court in this state, and such action or defense is not well-grounded in fact or is not

27    warranted by existing law or by an argument for changing the existing law that is made in good faith; or (2)

     Unreasonably and vexatiously extended a civil action or proceeding before any court in this state, the court

28    shall require the attorney personally to pay the additional costs, expenses and attorney's fees reasonably

     incurred because of such conduct.

1  costs.  Defendants shall have five (5) days in which to reply to Mirch's opposition, with

2  Defendants then resubmitting the Motion for decision.

3          Defendants have cited this Court a number of instances where Mirch has

4  been previously sanctioned by courts, both in and out of the Second Judicial District Court,

5  for similar behavior.  Indeed, in one case a substantial sanction was imposed.[16]  Perhaps

6  monetary sanctions are not sufficient to deter improper conduct by this lawyer.  Further,

7  the Court is aware of at least one case in this District in which a Judge has recused himself

8  in all future cases involving Mirch.[17]  This is disruptive to the management of the District's

9  caseload and creates a situation in which Mirch can avoid the judge without complying with

10 the preemptory filing requirements.

11          In *Young v. Ninth Judicial Dist. Court ex rel. County of Douglas,* 107 Nev.

12 642, 818 P.2d 844 (1991), our High Court stated a District Court possesses inherent power

13 to impose sanctions in order to control the proceedings before it.[18]  As a result, the Court

14 may consider as a further appropriate sanction in this case, restricting Mirch's right to

15 appear in cases in the Second Judicial District Court.

16          Such a sanction, if imposed, should be considered by the Second Judicial

17 District Court in an *en banc* evidentiary hearing.[19]  These issues raise further questions

18

19

20 [16]  See *Maerke v. Wilson,* 53 F.3d 331 (6th Cir. 1995), where the United State District Court for the
21 Northern District of Ohio imposed sanctions of $50,000.00 against Mirch, finding that he had engaged in a
   "pattern of continuing egregious activity" during the course of litigation, and that "dismissal of the plaintiff's
22 complaint is an insufficient sanction."

23 [17]  See Case No. CV00-03939 in the Second Judicial District Court in which Judge Kosach refused to
24 permit the Clerk of Court to assign any future cases involving Mirch to Department 8.

25 [18]  However, a District Court's power may be limited when restricting an attorney's right to appear
   before it.  See *SCR 99* and *Piazza v. Carson City,* 652 F.Supp. 1394 (D. Nev. 1987).

26 [19]  In view of the prior Order by Judge Kosach, he will not participate in any such hearing or in any
27 decision involving the issues in this case.

28

11

1 | including Mirch's right to be put on notice of the specific time and opportunity to be
2 | heard. Consequently, further briefing by the parties is warranted under these facts.
3 |         Good cause appearing, IT IS HEREBY ORDERED that counsel submit
4 | supplemental authorities within fifteen (15) days of the date of this Order re: the inherent
5 | power of the District Court to limit the right of counsel to appear before the Second Judicial
6 | District Court. Thereafter, the Court will advise counsel of any further hearings to be
7 | conducted in this matter.
8 |         Dated this _____9_____ day of October, 2003.

JAMES W. HARDESTY
DISTRICT JUDGE

12

1    CERTIFICATE OF SERVICE BY MAILING

2    Pursuant to NRCP 5(b), I hereby certify that I am an employee of the Second Judicial

3    District Court, in and for the County of Washoe; and that on this ___9th___ day of

4    October, 2003, I deposited in the County mailing system for postage and mailing with the

5    United States Postal Service in Reno, Nevada, a true and correct copy of the attached

6    document addressed as follows:

7    Kevin J. Mirch, Esq.
     P. O. Box 5396
8    Reno  NV  89513

9    Bruce Laxalt, Esq.
     Laxalt & Nomura, Ltd.
10   50 W. Liberty St., Suite 700
     Reno, NV  89501
11

12

13

14                                        MICHELE M. SHULL
15                                        Administrative Assistant

16

17

18                          CERTIFIED COPY
                  The document to which this certificate is
19                attached is a full, true and correct copy of
                  the original on file and of record in my office.
20                DATE:_____ JUN 0 1 2004
21                RONALD A. LONGTIN, JR., Clerk of the Second
                  Judicial District Court, in and for the County
22                of Washoe, State of Nevada.
23                By _____ Deputy

24

25

26

27

28