*Mirch v Laxalt Beesley State bar et al*
*- pleadings*

MIRCH & MIRCH
KEVIN J. MIRCH, ESQ.
NV Bar No. 000923
MARIE C. MIRCH, ESQ.
NV Bar No. 6747
320 Flint Street
Reno, Nevada 89501
(775) 324-7444

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN J. MIRCH, ESQ.

     Plaintiff,

     v.

BRUCE BEESLEY, ROB BARE,
BRIDGET ROBB PECK,
DONALD CHRISTENSEN, STATE BAR
OF NEVADA, DOES I -X
A-Z Corporations,

     Defendant.

_____/

Case No. 3:05-CV-000641-RLH-RAM

## MOTION FOR ENLARGEMENT OF TIME IN WHICH TO FILE PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS (Fed.R.Civ.P.11) (FIRST REQUEST)

COMES NOW, Plaintiff, KEVIN MIRCH, ESQ., by and through his counsel of record, MIRCH & MIRCH, MARIE C. MIRCH, ESQ., and moves this Court for an Order granting Plaintiff a fifty-nine (59) day extension of time through and including August 4, 2006, in which to file Plaintiff's Opposition to Motion for Sanctions (Fed.R.Civ.P.11). This Opposition is currently due to be filed on June 6, 2006. This is the first request for an enlargement of time in regards to this Opposition. This Motion is made due to extraordinary circumstances, and this motion is not made for any dilatory or delaying tactic but is made due to substantial need due to the physical health and medical condition of Counsel Kevin J. Mirch, Esq., and to protect

1

Plaintiff's interests, as is set forth in the attached Points and Authorities.

This motion is made and based upon U.S. District Court Local Rule 6-1, F.R.C.P Rule 6(b) and supported by the accompanying points and authorities, affidavit, exhibits and pleadings on file herein.

DATED this 23rd day of May, 2006.

MIRCH & MIRCH

By: _____/s/_____
MARIE C. MIRCH, ESQ.
SBN Nev.:   6747
320 Flint Street
Reno, NV 89501
(775) 324-7444
Attorney for Plaintiff

2

## POINTS AND AUTHORITIES

Plaintiff is respectfully moving this Court for an Order granting Plaintiff a fifty-nine (59) day extension of time through and including August 4, 2006, in which to file Plaintiff's Opposition to Motion for Sanctions (Fed.R.Civ.P. 11).   This Opposition is due to be filed on June 6, 2006.  This is the first request for an enlargement of time in regards to this Opposition. This Motion is made due to extraordinary circumstances, and this motion is not made for any dilatory or delaying tactic but is  made due to substantial  need  due to the physical health and medical condition of Counsel Kevin J. Mirch, Esq., and to protect Plaintiff's interests.

Kevin J. Mirch, Esq. is the primary litigator for the Law Firm of Mirch & Mirch and is the attorney that must prepare and draft this Opposition.

This request for the additional time is made primarily due to Mr. Mirch's medical condition.

This is the first request for an extension of time in regards to this Opposition and it is made due to the fact that Mr. Mirch must pace his workload or face further health problems.

**A.  History of Mr. Mirch's Present Illness - Stroke and Past Illness..**

On April 1, 2006, Mr. Mirch fell seriously ill and went to the emergency room of St. Mary's Hospital in Reno, Nevada, *See, Affidavit of Marie Mirch, attached hereto as Exhibit "A"*. Mr. Mirch remained ill and on Thursday morning , April 6, 2006 was admitted to St. Mary's Hospital. *See, Affidavit of Marie Mirch.*  Mr. Mirch remained in the hospital five days until his discharge late in the day on April 10, 2006. *See, Affidavit of Marie Mirch.*   The reason for Mr. Mirch's hospitalization was that he suffered a stroke on or about April 1, 2006. Mr. Mirch is now discharged from the hospital, but must recover before he can assume his work duties. Mr. Mirch is under the constant care of numerous doctors and is currently participating in rehabilitation therapy.  *See, Affidavit of Marie Mirch.*  Mrs. Mirch has been with her husband throughout his illness and is assisting with his care. *See, Affidavit of Marie Mirch.*  Mr. Mirch is representing himself in pro per in this action and is the only one who has intimate knowledge of the history of conduct of these defendants upon which the First Amended Complaint is based.

3

Mr. Mirch's stroke was unexpected, extraordinary, and is good cause to afford Mr. Mirch ample time to recover from his stroke and respond to the motions filed by the Defendants.

As explained above, Mr. Mirch was released from the hospital on April 10, 2006. Mrs. Mirch took Mr. Mirch home and cared for him. Mrs Mirch is also Mr. Mirch's only law partner and has not only cared for Mr. Mirch, but has made numerous trips to the office to keep minding the duties of the firm's law practice. One of those duties included graciously giving the Defendants an extension of time to respond to the First Amended Complaint. A Stipulation was submitted on April 11, 2006, just one day after Mr. Mirch came home from the hospital.   The Order on the Stipulation was signed the very same day by the Honorable United States Magistrate Jude Robert McQuaid.

Mr. Mirch has not been well for over two years, but has been able to work at a less arduous pace. Prior to his stroke, and continuing to this day, Mr. Mirch has suffered from a spinal infirmity that has causes loss of function in his arms and extreme pain, which even after two surgeries continues. On top of that, Mr. Mirch suffered a stroke to his left occipital lobe which has affected his vision, ability to read, write and comprehend written material. *See Exhibit B, letter from Dr. Meier.*   Mr. Mirch is under the continuing care of several physicians and currently is undergoing vision rehabilitation therapy to regain his visual and cognitive functions associated with vision. This therapy lasts from 12 to 48 weeks. *Exhibit B, Letter from Dr. Meier.*   This is confirmed by letters from his treating doctors that are attached hereto. *Exhibits "B" & "C" See, Medical Note from Dr. Conley, attached hereto as Exhibit "C"* Mr. Mirch has participated in three therapy sessions thus far and engages in vision exercise assignments for hours on a daily basis. He simply has not yet regained his visual function to prepare oppositions to the motions or even to assist in dictating motions for Mrs. Mirch to prepare.

///.

///

///

4

**B. History of Other Extensions of Time Being Requested.**

The Law Firm of Mirch & Mirch has had to seek other extensions of time in other matters due to Mr. Mirch's stroke which extensions include, but are not limited to:

**Granata adv. Grosulak** - Motion for Continuance of Trial date (Trial was set for 5/15/2006), Second Judicial District Court, Case No. CV05-00099 . Motion was GRANTED.

**Rutherford v. USA -** Application for Extension of Time to File a Petition for Writ of Certiorari, U.S. Supreme Court, 9th Circuit Appeal Court Number is 04-10603 This request is pending and is seeking an extension from 6/12/2006 to 9/20/2006.

**Rutherford v. USA:** U.S. District Court case number CR-99-150-ECR (RAM), Motion for Stay of Judgment. In this case, U,.S. District Court Judg e Honorable Edward Reed held a hearing on the motion and submitted evidence regarding the medical condition of Mr. Mirch. Judge Reed GRANTED the motion and gave Mr. Mirch a 12 week period of time to prepare a motion for new trial. *See Exhibit C. Minutes of Court.*

**Lexington Insurance Co. v. Abbott Transportation-** Motion for Extension of Time in Which to File Respondents' Answering Brief (Second Request), Nevada Supreme Court Docket No. 43526. This request was sought extension from 4/21/2006 to 8/14/2006, again due to Mr. Mirch's health. The Motion is pending.

**Abbott Transportation, Inc., v. Cornwall** - Motion for Extension of Time in Which to File Appellant's Opening Brief (Second Request), Nevada Supreme Court Docket No. 43395 This was to extend from 5/19/2006 to 8/1/2006. The Motion was GRANTED

**Suter v. Goedert** - Motion for Enlargement of Time in Which to File Appellant's Opening Brief (Fourth Request) and -17306 This was to extend from 5/10/2006 to 7/9/2006. The motion was GRANTED.

**Kirch v. Star-** Motion for Enlargement of Time in Which to File Appellants' Reply Brief (Second Request) This request was to extended 6/7/2006 to 9/5/2006. The Motion is pending.

**Mattes v. Park Place -** our reply brief is due to the 9th Circuit Court of Appeals, Docket

5

No. 05-15248    This extension is requested from 6/23/06 to 9/26/2006. The motion is pending.

## LEGAL ANALYSIS

Local Rule 6-1 of the U.S. District Court governs and allows necessary extensions of time as is set forth below:

**Local Rule 6-1. Requests for Extension of Time**, provides in part:

(a) Every motion or stipulation to extend time shall inform the court of any previous extensions granted and state the reasons for the extension requested. A request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect. Immediately below the title of such motion or stipulation there shall also be included a statement indicating whether it is the first, second, third, etc., requested extension, i.e. . . . .

(b) The court may set aside any extension obtained in contravention of this rule.

c) A stipulation or motion seeking to extend the time to file an opposition or final reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the motion.

F.R.C.P. 6(b) of the Federal Rules of Civil Procedure allows necessary enlargements of time as is set forth below:

F.R.C.P 6(b) ENLARGEMENT. When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request is therefor made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2)52(B), 59(b), (d) and (e),

and 60(b), except to the extent and under the conditions stated in them.

On May 24, 2006 Mercedese Witty, Legal Assistant for Mirch & Mirch, sent correspondence by facsimile to opposing counsel and requested the enlargement of time in regards to these Oppositions. See, copy of correspondence dated May 24, 2006, attached hereto as Exhibit "D".

It is respectfully submitted that Defendants will not be prejudiced by this requested enlargement of time.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that this Court grant Plaintiff a fifty-nine (59) day extension of time through and including August 4, 2006 in which to file Plaintiff's Opposition to Motion for Sanctions (Fed.R.Civ.P. 11).

DATED this 23rd day of May, 2006.

LAW OFFICE OF MIRCH & MIRCH

By:_____/s/_____
MARIE C. MIRCH, ESQ.
NV SBN: 6747
320 Flint Street
Reno, NV 89501
Attorneys for Plaintiff

# EXHIBIT "A"

# EXHIBIT "A"

1  MIRCH & MIRCH
   KEVIN J. MIRCH, ESQ.
2  NV Bar No. 000923
   MARIE C. MIRCH, ESQ.
3  NV Bar No. 6747
   320 Flint Street
4  Reno, Nevada  89501
   (775) 324-7444

5  Attorneys for Plaintiff

6

7              IN THE UNITED STATES DISTRICT COURT

8                      DISTRICT OF NEVADA

9  KEVIN J. MIRCH, ESQ.

10          Plaintiff,

11     v.                              Case No. 3:05-CV-000641-RLH-RAM

12  BRUCE BEESLEY, ROB BARE,
    BRIDGET ROBB PECK,
13  DONALD  CHRISTENSEN, STATE BAR
    OF NEVADA, DOES I -X
14  A-Z Corporations,

15          Defendant.                                /
   _____

16         AFFIDAVIT OF MARIE C. MIRCH IN SUPPORT OF
17             MOTION FOR ENLARGEMENT OF TIME IN
       WHICH TO FILE PLAINTIFF'S OPPOSITION TO MOTION FOR
18                  SANCTIONS (Fed.R.Civ.P.11)
                         (FIRST  REQUEST)
19

20  STATE OF NEVADA        )
                           ) ss.
21  COUNTY OF WASHOE       )

22      I, MARIE C. MIRCH, do hereby, under penalty of perjury, swear and affirm as

23  follows:

24      1.      I am an attorney licensed to practice in the States of Nevada and California.

25  I am co-counsel Appellants in the aforementioned action.   I am not the primary counsel.

26  ///

27

28                                  8

2.    I am over the age of 18 years and the allegations contained herein are true and correct to the best of my information

3.    I am competent to testify regarding all statements contained herein.

4.    I make this Affidavit in support of the Motion for Enlargement of Time in Which to File Plaintiff's Opposition to Motion for Sanctions (Fed.R.Civ.P. 11) (First Request).

5.    Plaintiff is respectfully moving this Court for an Order granting Plaintiff a fifty-nine (59) day extension of time through and including August 4, 2006, in which to file Plaintiff's Opposition to Motion for Sanctions (Fed.R.Civ.P. 11).   This Opposition is due to be filed on June 6, 2006.   This is the first request for an enlargement of time in regards to this Opposition. This Motion is made due to extraordinary circumstances, and this motion is not made for any dilatory or delaying tactic but is made due to substantial need due to the physical health and medical condition of Counsel Kevin J. Mirch, Esq., and to protect Plaintiff's interests.

6.    Kevin J. Mirch, Esq. is the primary litigator for the Law Firm of Mirch & Mirch and is the attorney that must prepare and draft this Opposition.

7.    This request for the additional time is made primarily due to Mr. Mirch's medical condition. This is the first request for an extension of time in regards to this Opposition and it is made due to the fact that Mr. Mirch must pace his workload or face further health problems.

8.    On April 1, 2006, Mr. Mirch fell seriously ill and went to the emergency room of St. Mary's Hospital in Reno, Nevada.  Mr. Mirch remained ill and on Thursday morning , April 6, 2006 was admitted to St. Mary's Hospital. Mr. Mirch remained in the hospital five days until his discharge late in the day on April 10, 2006.    The reason for Mr. Mirch's hospitalization was that he suffered a stroke on or about April 1, 2006. Mr. Mirch is now discharged from the hospital, but must recover before he can assume his work duties. Mr. Mirch is under the constant care of numerous doctors and is currently participating in rehabilitation therapy.   I have been with my husband throughout his illness and I am assisting with his care. Mr. Mirch is representing himself in pro per in this action and is the only one who has intimate knowledge of

9

the history of conduct of these defendants upon which the First Amended Complaint is based. Mr. Mirch's stroke was unexpected, extraordinary, and is good cause to afford Mr. Mirch ample time to recover from his stroke and respond to the motions filed by the Defendants.

8.    As explained above, Mr. Mirch was released from the hospital on April 10, 2006.  I took took Mr. Mirch home and cared for him. I am also Mr. Mirch's only law partner and have not only cared for Mr. Mirch, but has made numerous trips to the office to keep minding the duties of the firm's law practice. One of those duties included graciously giving the Defendants an extension of time to respond to the First Amended Complaint. A Stipulation was submitted on April 11, 2006, just one day after Mr. Mirch came home from the hospital.      The Order on the Stipulation was signed the very same day by the Honorable United States Magistrate Jude Robert McQuaid.

9.      Mr. Mirch has not been well for over two years, but has been able to work at a less arduous pace. Prior to his stroke, and continuing to this day, Mr. Mirch has suffered from a spinal infirmity that has causes loss of function in his arms and extreme pain, which even after two surgeries continues.  On top of that, Mr. Mirch suffered a stroke to his left occipital lobe which has affected his vision, ability to read, write and comprehend written material. Mr. Mirch is under the continuing care of several physicians and currently is undergoing vision rehabilitation therapy to regain his visual and cognitive functions associated with vision. This therapy lasts from 12 to 48 weeks. Mr. Mirch is being seen by Dr. Richard F. Meier, FCOVD of Meier Eye & Vision Optometry and by  Dr. Conley of Family Medicine Center, University of Nevada.   Mr. Mirch has participated in three therapy sessions thus far and engages in vision exercise assignments for hours on a daily basis. He simply has not yet regained his visual function to prepare oppositions to the motions or even to assist in dictating motions for me to prepare.

10.      The Law Firm of Mirch & Mirch has had to seek other extensions of time in other matters due to Mr. Mirch's stroke which extensions include, but are not limited to:

///

10

**Granata adv. Grosulak** - Motion for Continuance of Trial date (Trial was set for 5/15/2006), Second Judicial District Court, Case No. CV05-00099 . Motion was GRANTED.

**Rutherford v. USA -** Application for Extension of Time to File a Petition for Writ of Certiorari, U.S. Supreme Court, 9th Circuit Appeal Court Number is 04-10603 This request is pending and is seeking an extension from 6/12/2006 to 9/20/2006.

**Rutherford v. USA:** U.S. District Court case number CR-99-150-ECR (RAM), Motion for Stay of Judgment. In this case, U,.S. District Court Judg e Honorable Edward Reed held a hearing on the motion and submitted evidence regarding the medical condition of Mr. Mirch. Judge Reed GRANTED the motion and gave Mr. Mirch a 12 week period of time to prepare a motion for new trial. *See Exhibit C. Minutes of Court.*

**Lexington Insurance Co. v. Abbott Transportation-** Motion for Extension of Time in Which to File Respondents' Answering Brief (Second Request), Nevada Supreme Court Docket No. 43526. This request was sought extension from 4/21/2006 to 8/14/2006, again due to Mr. Mirch's health. The Motion is pending.

**Abbott Transportation, Inc., v. Cornwall** - Motion for Extension of Time in Which to File Appellant's Opening Brief (Second Request), Nevada Supreme Court Docket No. 43395 This was to extend from 5/19/2006 to 8/1/2006. The Motion was GRANTED

**Suter v. Goedert** - Motion for Enlargement of Time in Which to File Appellant's Opening Brief (Fourth Request) and -17306 This was to extend from 5/10/2006 to 7/9/2006. The motion was GRANTED.

**Kirch v. Star-** Motion for Enlargement of Time in Which to File Appellants' Reply Brief (Second Request) This request was to extended 6/7/2006 to 9/5/2006. The Motion is pending.

**Mattes v. Park Place -** our reply brief is due to the 9th Circuit Court of Appeals, Docket No. 05-15248 This extension is requested from 6/23/06 to 9/26/2006. The motion is pending.

///

///

11.     On May 24, 2006, my Legal Assistant, Mercedese Witty, sent correspondence by facsimile to opposing counsel and requested the enlargement of time in regards to these Oppositions.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED this 24 day of May , 2006.

_____
MARIE C. MIRCH, ESQ.

SUBSCRIBED and SWORN TO before me

on this _____ day of _____ , 2006.

_____
NOTARY PUBLIC

MERCEDESE I. WITTY
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No. 93-1586-2 - Expires July 15, 2009

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

# EXHIBIT "B"



# MEIER EYE & VISION
## OPTOMETRY

**DR. RICHARD F. MEIER, FCOVD**                    **DR. CODY S. BENGOA**
3201 LAKESIDE DRIVE, RENO, NEVADA 89509 · (775) 825-0559 · FAX (775) 829-7918 · WWW.MEIEREYEANDVISION.COM

May 11, 2006

Re: Kevin Mirch
DOB: 12/01/1957

Kevin Mirch had a comprehensive visual evaluation on May 3, 2006. Mr. Mirch states he had a stroke on or about April 8, 2006. He states his vision has been blurry since the stroke, he gets migraine headaches, and his reading speed has been reduced.

With his current prescription he sees $20/50^{-2}$ right eye, $20/40^{-1}$ left eye, and $20/30^{-1}$ both eyes at distance, and $20/20^{-1}$ right, 20/20 left, and 20/20 both eyes at near. His refraction is -4.00-1.50x150 OD -4.25-.50x78 OS. He is $8^{\circ}$exophoric, $4^{\circ}$hyperphoric at distance and $20^{\circ}$exophoric, and $5^{\circ}$hyperphoric at near. His distance depth perception and contrast sensitivity are reduced. His vision fades in and out when reading with both eyes caused by a large exophoria. His reading speed is 113 WPM (average high school graduate is 250 WPM) with 80%comprehension. Threshold visual fields show homonous quadrantopsia in right interior visual field. Optical coherence tonography shows a reduced nerve fiber layer on the nasal side of each eye.

Ocular health evaluation shows a mild cataract and nuclear lens opacity, his cornea, sclera, conjunctiva, and anterior chamber were all clear. Retinal evaluation shows a C/D of .2 OU. The macular area was clear with a flat retinal nevi inferior to the macular area OS and the retinal periphery was flat.

The stroke has caused poor ocular motor skills, poor focus, poor convergence, reduced contrast sensitivity, and a homonous quadrantopsia. Recommendations are to get new glasses to help with the vertical phoria and to start visual therapy to increase his ocular motor, focus, and convergence control.

## DESCRIPTION OF THERAPY ADMINISTRATION

The treatment for esophoria (ICD-9 378.41) is orthoptics (CPT 92065). Please approve this medically necessary treatment.

This therapy is being done to correct the problem and is not connected in any way with the correction of a refractive error. Vision Therapy is administered in the office. Each therapy session consists of one hour of therapy with a Certified Vision Therapist and Dr. Richard Meier, OD, FCOVD accompanied by specifically assigned home therapy procedures as reinforcement of the office therapy. Standard optometric vision therapy (orthoptic) procedures are administered. Therapy is billed at the beginning of each twelve week block and is due and payable before the end of the twelve week block.

Orthoptic materials (99070) consist of non-reusable workbooks, prisms, lenses, aperature rules, wheatstone stereoscopes, cheiroscopes, analglyphs, and vectographs.

Estimated duration of the therapy is a minimum of 12 weeks and could be for 48 weeks.

Thank you for helping Kevin.

Sincerely,

Richard F. Meier F.C.O.V.D.

# EXHIBIT "C"

# EXHIBIT "C"

**Family Medicine Center**
University of Nevada
School of Medicine
Brigham Building/316
Reno, Nevada 89557-0169
(775) 784-1533

**℞**

Date 5/10/06

Name: *Kevin Mirch*

Address: _____

Rx: *Mr. Mirch was admitted to*

Sig: *the hospital during April*

Disp: *for a stroke.*

Refills

Dispense only as Written

DEA #_____
FMC-019 (9/03)

Dr. _____

Print *Conaey. MD*

# EXHIBIT "D"

# EXHIBIT "D"

# MIRCH & MIRCH
ATTORNEYS AND COUNSELORS AT LAW

**320 Flint St.**
Reno, NV 89501
TELE  (775)324-7444
FAX (775) 324-7748

**Kevin J. Mirch** \*\*
**Marie Mirch** \*\*

May 24, 2006

Margo Piscevich, Esq.
Mark J. Lenz, Esq.
Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509

**VIA FACSIMILE & U.S. MAIL**
**329-2666**

Re: **Kevin J. Mirch, Esq. v. Bruce Beesley, Rob Bare,**
    **Bridget Robb Peck, Donald Christensen, State Bar of Nevada,**
    **A-Z Corporations**
    **U.S. Dist. Court - Case No. : CV-N-05-641**

Dear Ms. Piscivich and Mr. Lenz:

Ths correspondence is to request that your grant our office a fifty-nine (59) day extension of time, through and including, August 4, 2006,  in which to file Plaintiff's Opposition to Motion for Sanctions (Fed.R.Civ.P. 11).   This Opposition is due to be filed on June 6, 2006.   This request for an extension of time is made due to extraordinary circumstances, and is not made for any dilatory or delaying tactic but is  made due to substantial  need  due to the physical health and medical condition of Counsel Kevin J. Mirch, Esq.

Kevin J. Mirch, Esq. is the primary litigator for the Law Firm of Mirch & Mirch and is the attorney that must prepare and draft this Opposition.   This request for the additional time is made primarily due to Mr. Mirch's medical condition.

 This is the first request for an extension of time in regards to this Opposition and it is made due to the fact that Mr. Mirch must pace his workload or face further health problems.

On April 1, 2006, Mr. Mirch fell seriously ill and went to the emergency room of St. Mary's Hospital in Reno, Nevada.  Mr. Mirch remained ill and on Thursday morning , April 6, 2006 was admitted to St. Mary's Hospital. Mr. Mirch remained in the hospital five days until his discharge late in the day on April 10, 2006.    The reason for Mr. Mirch's hospitalization was that he suffered a stroke on or about April 1, 2006. Mr. Mirch is now discharged from the hospital, but must recover before he can assume his work duties. Mr. Mirch is under the constant care of numerous doctors and is currently participating in rehabilitation therapy.   Mrs. Mirch has been with her husband

throughout his illness and is assisting with his care.   Mr. Mirch is representing himself in pro per in this action and is the only one who has intimate knowledge of the history of conduct of these defendants upon which the First Amended Complaint is based. Mr. Mirch's stroke was unexpected, extraordinary, and is good cause to afford Mr. Mirch ample time to recover from his stroke and respond to the motions filed by your office. .

As explained above, Mr. Mirch was released from the hospital on April 10, 2006. Mrs. Mirch took Mr. Mirch home and cared for him. Mrs Mirch is also Mr. Mirch's only law partner and has not only cared for Mr. Mirch, but has made numerous trips to the office to keep minding the duties of the firm's law practice.

Mr. Mirch has not been well for over two years, but has been able to work at a less arduous pace. Prior to his stroke, and continuing to this day, Mr. Mirch has suffered from a spinal infirmity that has causes loss of function in his arms and extreme pain, which even after two surgeries continues. On top of that, Mr. Mirch suffered a stroke to his left occipital lobe which has affected his vision, ability to read, write and comprehend written material. Mr. Mirch is under the continuing care of several physicians and currently is undergoing vision rehabilitation therapy to regain his visual and cognitive functions associated with vision. This therapy lasts from 12 to 48 weeks. Mr. Mirch has participated in three therapy sessions thus far and engages in vision exercise assignments for hours on a daily basis. He simply has not yet regained his visual function to prepare oppositions to the motions or even to assist in dictating motions for Mrs. Mirch to prepare.

The Law Firm of Mirch & Mirch has had to seek other extensions of time in other matters due to Mr. Mirch's stroke which extensions include, but are not limited to:

**Granata adv. Grosulak**  - Motion for Continuance of Trial date (Trial was set for 5/15/2006), Second Judicial District Court, Case No. CV05-00099 . Motion was GRANTED.

**Rutherford v. USA -** Application for Extension of Time to File a Petition for Writ of Certiorari, U.S. Supreme Court, 9th Circuit Appeal Court Number is 04-10603  This request is pending and is seeking an extension  from 6/12/2006 to 9/20/2006.

**Rutherford v. USA:** U.S. District Court case number CR-99-150-ECR (RAM), Motion for Stay of Judgment. In this case, U,.S. District Court Judg e Honorable Edward Reed held a hearing on the motion and submitted evidence regarding the medical condition of Mr. Mirch. Judge Reed GRANTED the motion and gave Mr. Mirch a 12 week period of time to prepare a motion for new trial.

**Lexington Insurance Co. v. Abbott Transportation-** Motion for Extension of Time in Which to File Respondents' Answering Brief (Second Request), Nevada Supreme Court Docket No. 43526.  This request was sought extension from 4/21/2006 to 8/14/2006, again due to Mr. Mirch's health. The Motion is pending.

**Abbott Transportation, Inc., v. Cornwall** - Motion for Extension of Time in Which to File Appellant's Opening Brief (Second Request), Nevada Supreme Court Docket No. 43395 This was to extend from 5/19/2006 to 8/1/2006. The Motion was GRANTED.

**Suter v. Goedert** - Motion for Enlargement of Time in Which to File Appellant's Opening Brief (Fourth Request) and -17306   This was to extend from 5/10/2006 to 7/9/2006.  The motion was GRANTED.

**Kirch v. Star**- Motion for Enlargement of Time in Which to File Appellants' Reply Brief (Second Request) This request  was to extended  6/7/2006 to 9/5/2006.  The Motion is pending.

**Mattes v. Park Place** - our reply brief is due to the 9th Circuit Court of Appeals, Docket No. 05-15248   This extension is requested  from 6/23/06 to 9/26/2006.  The motion is pending.

Base upon the foregoing, if you are agreeable to this extension of time due to Mr. Mirch's medical condition, please immediately let me know and our office will provide a stipulation for your signature. If you are unable to grant this extension please let me know and our office will file a formal motion for an extension of time.

Your professional courtesy in this matter would be greatly appreciated.

Sincerely,

MERCEDESE I. WITTY
Legal Assistant

/miw

```
                TRANSMISSION VERIFICATION REPORT

                                    TIME  : 05/24/2006 13:23
                                    NAME  : MIRCH
                                    FAX   : 775-324-7748
                                    TEL   : 775-324-7444
                                    SER.# : BROB3J208105


        DATE,TIME              05/24  13:22
        FAX NO./NAME           3292666
        DURATION               00:01:19
        PAGE(S)                03
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

# MIRCH & MIRCH
ATTORNEYS AND COUNSELORS AT LAW

**320 Flint St.**
Reno, NV 89501
TELE  (775) 324-7444
FAX (775) 324-7748

**Kevin J. Mirch ∗∗**
**Marie Mirch ∗∗**

May 24, 2006

Margo Piscevich, Esq.                   **VIA FACSIMILE & U.S. MAIL**
Mark J. Lenz, Esq.                      **329-2666**
Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509

Re: **Kevin J. Mirch, Esq. v. Bruce Beesley, Rob Bare,**
**Bridget Robb Peck, Donald Christensen, State Bar of Nevada,**
**A-Z Corporations**
**U.S. Dist. Court - Case No. : CV-N-05-641**

Dear Ms. Piscivich and Mr. Lenz:

This correspondence is to request that your grant our office a fifty-nine (59) day extension of time, through and including, August 4, 2006, in which to file Plaintiff's Opposition to Motion for Sanctions (Fed.R.Civ.P. 11). This Opposition is due to be filed on June 6, 2006. This request for an extension of time is made due to extraordinary circumstances, and is not made for any dilatory or delaying tactic but is made due to substantial need due to the physical health and medical condition of Counsel Kevin J. Mirch, Esq.