MIRCH & MIRCH
KEVIN J. MIRCH, ESQ.
NV Bar No. 000923
MARIE C. MIRCH, ESQ.
NV Bar No. 6747
320 Flint Street
Reno, Nevada 89501
(775) 324-7444

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN J. MIRCH, ESQ.

    Plaintiff,

v.

BRUCE BEESLEY, ROB BARE,
BRIDGET ROBB PECK,
DONALD CHRISTENSEN, STATE BAR
OF NEVADA, DOES I -X
A-Z Corporations,

    Defendant.
_____/

Case No. 3:05-CV-000641-RLH-RAM

**REPLY MOTION FOR ENLARGEMENT OF TIME IN WHICH TO FILE PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS (Fed.R.Civ.P.11)**

COMES NOW, Plaintiff, KEVIN MIRCH, ESQ., by and through his counsel of record, MIRCH & MIRCH, MARIE C. MIRCH, ESQ., and hereby replies to the Opposition to Motion for Enlargement of Time to File Plaintiff's Opposition to Motion for Sanctions.

///
///
///
///
///

1

This Reply is based on the following memorandum of pints and authorities, exhibits, affidavits and pleadings on file herein.

DATED this 8th day of June , 2006.

                                                  MIRCH & MIRCH

By:  /s/
      MARIE C. MIRCH, ESQ.
      SBN Nev.:   6747
      320 Flint Street
      Reno, NV 89501
      (775) 324-7444
      Attorney for Plaintiff

# POINTS AND AUTHORITIES
# FACTS

**a.    Introduction**

Marie Mirch, on behalf of Plaintiff, Kevin Mirch, has filed a motion for enlargement of time for Mr. Mirch to file his opposition to the motion for sanctions filed by the defendants in this matter.  In that motion, it is well established that Mr. Mirch suffered a stroke on April 1, 2006, and is physically incapable of reading or drafting any motions in this case or any case at this time.  This is supported not only by letters from two of Mr. Mirch's treating physicians, but also the affidavit of Marie Mirch, who is Mr. Mirch's law partner and wife.

Defendant has opposed the motion, agreeing that extensions of time may be granted for good cause, but taking the position that Mr. Mirch in fact has not had a stroke, and is somehow feigning a condition to selectively manage his caseload[1].  This argument notonly lacks merit, is frivolous and a violation of FRCP Rule 11.  Counsel offers no evidence whatsoever to support the position that Mr. Mirch did not have a stroke.  Rather, Counsel asks this court to condone the conduct of which this entire case is based, which is the disparate treatment of Mr. Mirch by the legal community and the Nevada State Bar.

**b.    Plaintiff has provided evidence of Mr. Mirch;s current health condition**

In the opposition to motion for enlargement of time, the Defendants falsely state that there is no evidence, other than Mr. Mirch's own representation, that Mr. Mirch has actually suffered a stroke. This statement is blatantly false. Mrs. Mirch provided an affidavit explaining in detail the events surrounding Mr. Mirch's stroke.  Mrs. Mirch has first hand personal knowledge of the event as she took her husband to St,

---

[1] Defendant also claim that the motion was not served.  This is untrue as electronic filing provides electronic service to counsel, and per the United States District Court e-filing trainer and coordinator, mail service is only required on those who do not receive the document electronically.

Mary's emergency room, witnessed his suffering, was present when most of the doctors treated Mr. Mirch, and continues to assist him in his rehabilitation. This information is contained in the affidavit of Marie Mirch filed in support of the motion. Defendants choose to completely ignore this material.

Mr. Mirch's condition is further explained by correspondence from two of his treating doctors, Dr. Conley, who confirms the fact that Mr. Mirch suffered a stroke in April, and Dr. Meier, who is treating Mr. Mirch for his loss of vision and comprehension. *See Exhibits B and C attached to Motion for Enlargement.* Defendants take issue because neither of the doctors who have offered support for Mr. Mirch are neurologists. This argument also lacks merit. Mr. Mirch was seen by at least 19 doctors during his hospital stay, neurologists, cardiologists, family and practice physicians. It is not necessary that a doctor from each discipline verify the fact that Mr. Mirch had a stroke, nor is it necessary to make Mr. Mirch's entire medical file a matter of public record. Dr. Conley's note, and the affidavit of Marie Mirch establish the <u>fact</u> that Mr. Mirch suffered a stroke. Dr. Meier explains the impairments Mr. Mirch suffers as a result of the stroke, and the <u>fact</u> that Mr. Mirch is engaged in visual rehabilitation therapy that will take at least 12 to 48 weeks to complete. These circumstances well satisfy the requirement of good cause for the extension request. If this Court deem it necessary to receive further evidence of Mr. Mirch's condition, it may do so by an in camera review of medical records, but it is not necessary or appropriate to violate Mr. Mirch's privacy rights by making his entire personal medical record oa public document.

**b.      Mr. Mirch is not being selective in his caseload.**

Next, Defendants make the unfounded accusation that Mr. Mirch is being selective in his caseload. This is also untrue. As presented in the motion for enlargement of time, numerous extension have been sought and granted in other cases in the Second Judicial District Court, The United States District Court, the Supreme

Court of Nevada, the Ninth Circuit Court of Appeals, and the United States Supreme Court . The claim that Mr. Mirch cannot read or write any briefs is consistent with these extension requests.

Defendants also try to make an argument based on deposition notices that were sent out in a state action which Mr. Mirch is also a party. Those notices were sent before it was known the extent of Mr. Mirch's infirmity or that he would not be able to work for several months. Regardless, the deposition notices were signed by Mrs. Mirch who is willing and ready to take the depositions in Mr. Mirch's absence. However, because Mr. Mirch is a party, those depositions have been cancelled due to Mr. Mirch's health. There are no cases for which Mr. Mirch is actively participating at this time, as he is required to spend at least 8 hours a day on his visual rehabilitation therapy. Mrs. Mirch is handling as much of the case load as is possible, and those cases involving Mr. Mirch, extensions have been requested.

**c.    Mr. Mirch did not prepare the writ of mandamus**

Defendants also take issue with the fact that Mrs. Mirch prepared a writ of mandamus to the Ninth Circuit Court of Appeals, which included a 199 page excepts of record. In their opposition, Defendants somehow apply Mrs. Mirch's work to Mr. Mirch's ability or inability to work. The fact that Mrs. Mirch prepared a writ does not discredit the argument presented in the motion for extension of time. Mr. Mirch is the Plaintiff in this matter, who has intricate knowledge of the improper conduct visited upon him over more than a decade by the Defendants in this matter. Mrs. Mirch does not have this knowledge. Therefore, it is Mr. Mirch who must prepare the opposition. Mr. Mirch is entitled to represent himself and to the counsel of his choice (that being himself) by the Sixth Amendment. The filing of the writ by Mrs. Mirch addressed the abuse of discretion by this Court in denying a man who had a stroke, cannot read or write an accommodation to recover in order to file an opposition to the motions to dismiss. This is an issue that Mrs. Mirch is competent to address. Also, Mrs. Mirch

did not author 199 pages, but rather numbered and copied the pleadings in this case to prepare the excerpt. This has not bearing on Mr. Mirch's cognitive or visual ability pertinent to the matter presently before this Court.

## LEGAL ANALYSIS

F.R.C.P. 6(b) of the Federal Rules of Civil Procedure allows necessary enlargements of time "**for cause shown".** In this case, there is good cause in the <u>fact</u> that Mr. Mirch has suffered a very serious health condition, that being a stroke. A stroke is a serious matter that can be life threatening. It is not to be brushed aside by frivolous arguments of counsel and their unsupported claim that Mr. Mirch did not suffer the same. Defendants are only trying to take advantage of a serious situation involving Mr. Mirch's health and use it to their advantage. Apparently, per Defendants position nothing short of death constitutes good cause when Mr. Mirch is concerned.

## CONCLUSION

Defendants' Opposition to Motion for Enlargement of time is frivolous and filed in bad faith. If the argument presented by counsel were to believed, then Mr. Mirch would have feigned a stroke, and lost his vision in order to avoid the deadline for opposing a motion. Maybe counsel is trying to be facetious, but does so in very poor taste. The criteria for an enlargement of time as provided by FRCP is "good cause". Counsel having a stroke and suffering severe visual impairment clearly constitutes good cause. Further, there is no claim that Defendants are prejudiced in any manner whatsoever by an extension request. In fact, Defendants concede the same when they argue that the motions to dismiss must be decided prior to the motion for sanctions.

///
///
///
///

Wherefore, Plaintiff respectfully requests that the motion for enlargement of time to file an opposition to the Defendants' motion for sanctions be granted.

DATED this 8 day of June, 2006.

LAW OFFICE OF MIRCH & MIRCH

By: _____/s/_____
MARIE C. MIRCH, ESQ.
NV SBN: 6747
320 Flint Street
Reno, NV 89501
Attorneys for Plaintiff