Margo Piscevich, NV Bar No. 0917
Mark J. Lenz, Esq., NV Bar No. 4672
Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, Nevada 89509
Tel: (775) 329-0958
Fax: (775) 329-2666
*Attorneys for DEFENDANTS*

# U.S. DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN J. MIRCH, ESQ.,

    Plaintiff,

v.

BRUCE BEESLEY, ROB BARE, BRIDGET ROBB PECK, DONALD CHRISTENSEN, STATE BAR OF NEVADA, DOES I-X, A-Z CORPORATIONS,

    Defendants

Case No. 3:05-cv-00641-RLH-RAM

# Reply in Support of Motion for Sanctions
# (Fed.R.Civ.P. 11)

Defendants Bruce Beesley, Bridget Robb Peck and Donald Christensen, by and through their undersigned counsel of record, submit their reply points and authorities in support of their "Motion for Sanctions," filed May 19, 2006, as follows:

# Memorandum of Points and Authorities

## I. Nature of the Case

As noted in Defendants' Motion, on November 23, 2005, Plaintiff Kevin Mirch ("Mirch") filed a complaint in this Court primarily for the purpose of stalling a disciplinary proceeding pending against him before the State Bar. On March 23, 2006, 120 days later, Mirch

- 1 -

filed his First Amended Complaint ("FAC") and served it on Defendants. Defendants contend that Mirch's First Amended Complaint is legally and factually baseless, and was filed for an improper and unlawful purpose. i.e., to stall the State Bar disciplinary proceedings against him. In addition, it remains clear, even after Mirch's Opposition to the Motion for Sanctions, that Mirch did not conduct any reasonable or competent inquiry before signing and filing it.

## II. Argument

### A. Mirch agrees with the standards for evaluating a complaint subject to sanctions under Rule 11, but misapplies those standards.

Mirch's Opposition correctly sets forth the standards for evaluating whether his First Amended Complaint should be subject to Rule 11 sanctions. [Opp. p. 3, lns. 3-28; p. 4, lns. 1-15]. Mirch expressly notes the "two-prong inquiry" set forth in *Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005), which reiterated the standards necessary to support Rule 11 sanctions, as follows:

> An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed.R.Civ.P. 11(b)(2). When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted). As shorthand for this test, we use the word "frivolous" "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 434 (9th Cir. 1996).

Mirch's Opposition, however, does nothing to dispel the strong conclusion that his filing was both baseless and made without a reasonable and competent inquiry. First Mirch argues that "The Complaint is Not Legally or Factually Baseless from an Objective Perspective." [Opp. p.

4, ln. 16, Heading "b"]. He apparently neglected to complete that section of the brief however, because it is blank. [Opp. p. 4, lns. 17-26]. Perhaps Mr. Mirch concedes, contrary to the heading in the brief, that his First Amended Complaint is objectively legally and factually baseless, or perhaps it was an administrative oversight. The Opposition provides no answer to that dilemma.

Mirch then proceeds to argue that he did, in fact, make a reasonable and competent inquiry before filing and signing the First Amended Complaint. Mirch offers three (3) arguments in support of this underlying assertion: (1) his claims against these defendants are not subject to absolute immunity; (2) only a qualified immunity applies to the non-prosecutorial conduct of the defendants; and (3) the Eleventh Amendment does not apply to these defendants. Mirch's arguments are without merit.

### B. Defendants' Motion for Sanctions asserted that Mirch has no claim against them cognizable in this Court as a matter of law, without regard to whether any immunity was absolute or qualified, thereby divesting the Court of jurisdiction, and demonstrating that his filing was undertaken without a reasonable and competent legal inquiry.

Defendants asserted in their Motion for Sanctions that Mirch's First Amended Complaint was nothing more than an attack by Mirch on the underlying State Bar disciplinary complaint, and that Defendants have been sued based upon their activities in connection with the disciplinary proceedings. They also asserted that their conduct as "state actors" in the attorney-disciplinary process is not, and was not, subject to attack *in this Court* through Mirch's First Amended Complaint.

Mirch expends a page of analysis on "absolute immunity," citing numerous cases that have nothing to do with a purported federal court action against members of a state bar disciplinary panel. *Clark v. Columbia HCA*, 117 Nev. 468, 25 P.3d 215 (2001) involved a

discovery dispute over hospital peer review committee documents. It did not address any question relevant to whether this Court has jurisdiction over Mirch's alleged claims against these Defendants. Similarly, *Bank of America Nevada v. Bourdeau*, 115 Nev. 263, 982 P.2d 474 (1999) concerned statements made to an FDIC investigator, not an action against members of a State Bar disciplinary committee.

As noted in Defendants' Motion, Mirch's claims against the individual defendants were and are barred in federal court. His First Claim for Relief, conspiracy to violate antitrust laws, was barred by well-settled law protecting "state actors" from such claims. *See, e.g., Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), (Congress did not intend the Sherman Anti-Trust Act to apply against certain state action); *Foley v. Alabama State Bar*, 648 F.2d 355 (5th Cir. 1981) (exemption extended to State Bar association). In opposition, Mirch merely asserts that Defendants "are not state officials" (which has never been asserted in any event), and that "the complaint does not allege that these defendants were acting as state officers or employees, ... and no such inference can be drawn from the facts of the complaint." [Opp. p. 9, lns. 14-17].

To the contrary, and to the extent anything can be discerned from the impenetrable opacity of Plaintiff's First Amended Complaint, it is arguably apparent that Mirch has alleged in his First Amended Complaint that these Defendants were named for their actions as members of the Northern Nevada Disciplinary Panel of the State Bar, to wit:

¶37 – names Beesley and Peck as members of the Northern Nevada Disciplinary Panel;

¶41 – alleges generally that "these Defendants intended to cause the State Bar of Nevada ... to impose discipline on Mr. Mirch...."

¶¶44-46 – cited in Mirch's Opposition [Opp. pp. 9, 10]; all three paragraphs contain numerous instances of utterly inadmissible hearsay, are completely barred as evidence by any of

a number of different statutes of limitations,[1] and contain mere conclusory statements rather than factual allegations; but even if taken as true, they are directed only to Mr. Beesley and Ms. Peck, in their capacity as members of the Northern Nevada Disciplinary Panel, [¶46, lns. 24-26] for allegedly encouraging various persons to file Bar complaints against Mr. Mirch.

¶¶72-78 - also cited in Mirch's Opposition [Opp. p. 10, lns. 12-28] while untrue and inaccurate,[2] where intelligible, even if accepted as true for purposes of the Motion to Dismiss, allege only that Mr. Beesley and Ms. Peck were "using" the Northern Nevada Disciplinary Panel to "set up" Mirch. This is not a factual allegation, but a mere conclusory statement, and again, it is only their actions as members of the Northern Nevada Disciplinary Panel that are in question.

¶96 – alleges "nearly one dozen bar complaints either encouraged or written by Mr. Beesley and Ms. Peck." This was apparently sometime in 1995, or 1996. One wonders what statute of limitations Mr. Mirch researched before filing his First Amended Complaint.

¶194 – another conclusory statement regarding Mr. Bare's alleged awareness that Mr. Beesley and Ms. Peck "use the disciplinary process to obstruct justice...." [This is also a defamatory allegation, as well as a mere conclusory statement. It cannot be considered a factual allegation; but even if it were, it again relates only to the "disciplinary process."

¶299(g) – (i) – makes a conclusory allegation that Mr. Christensen's "involvement in the Mirch Disciplinary matter [is] biased." These paragraphs do not contain any relevant factual allegations that are material to the Motion for Sanctions.

---

[1] If related to Mirch's First Claim for Relief, the statute of limitations is four years - 15 U.S.C. §15(b); if to his Second Claim (violation of Due Process), assuming it could fall under §1983, two years; if to his Third Claim (tortious breach of the Covenant of Good Faith and Fair Dealing), two years under NRS 11.190; same for the Fourth Claim for Relief (business interference); if to the Fifth Claim (Injunctive Relief) being equitable relief, laches should apply after 15 years.

[2] For example, Mr. Sullivan did not work for Beesley & Peck at any time, nor did he sign any affidavit stating the items set forth in Paragraph 72. However, the assertions are irrelevant to the present motion.

Finally, Paragraphs 261 and 262, cited in Mirch's Opposition [Opp. p. 11, lns. 1-11] are alleged not to "pertain to bar complaints ... but other conduct which is not protected by any statutory absolute immunity." [Opp. p. 11, lns. 13-15]. Unfortunately, Paragraphs 261 and 262 are completely unintelligible. The Court may correctly question whether they are English at all. Defendants submit that *no one* can discern what is meant by "terminating repeatedly causing false claims to be filed...." or "Defendants have agreed to prevent the disciplinary process to be used as a business or fraudulent tool to cause 'non-compliant' attorneys that participate in illegal or improper conduct which directly affects interstate commerce." Not even James Joyce could parse those phrases.

The issue to be decided in the Motions to Dismiss, and subsequently applied to this Motion for Sanctions, is not whether Defendants are vested with an "absolute" or even a "qualified" immunity from suit, but rather whether under any formulation of Mirch's immunity arguments, he should have noted that the U.S. District Court has no jurisdiction over his claims. Defendants' acts as members of the Northern Nevada Disciplinary Panel are simply not subject to federal court jurisdiction, as a matter of law.

### C. Mirch's Opposition does not address the *Younger* abstention doctrine, nor does it adequately address the Eleventh Amendment immunity.

As noted in Defendants' Motion, Mirch's Second and Fifth claims for relief seeking injunctive relief on a due process basis, were and are barred by the *Younger* Abstention Doctrine. *See, Younger v. Harris,* 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971). Mirch again fails to allege any facts which would allow him to avail himself of any of the exceptions to the *Younger* Abstention Doctrine. He does not address the *Younger* abstention argument in his Opposition at all. A review of cases such as *Brooks v. New Hampshire Supreme Court,* 80 F.3d

633 (1st Cir. 1996) (*Younger* abstention applied to bar attorney's federal court proceeding seeking to prevent administration of attorney disciplinary process) would have revealed to Mirch that his claims, if they existed at all, needed to be in State court, not federal court.

Mirch's Third and Fourth Claims were and are also barred by Eleventh Amendment immunity, as well as state law. *See, e.g, Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984). Mirch argues, as noted above, that Defendants are not "state officials." He fails to make any argument, or present any facts, to suggest that Defendants were not acting as members of the Northern Nevada Disciplinary Panel. Mirch also argues that under *Tobkin v. Jarboe*, 710 So.2d 975 (Fla. 1998) the absolute immunity against defamation suits afforded to bar complainants "ceases to exist" if after filing the complaint, the complainant "comments publicly or outside the grievance process." [Opp. p. 9, lns. 20-23].

First, Mirch should have noted that the lawsuit in *Tobkin* was in state court, and no federal jurisdiction was proposed or discussed. Second, while his statement regarding the absolute immunity in *Tobkin* is correct, there exist no competent factual allegations in his First Amended Complaint to support the assertion that any of these Defendants made any such public comments or otherwise defeated an existing immunity. Certainly, the paragraphs he cites in his Opposition do not do so. [*See*, Section B. above].

Mirch's reference to *Stivers v. Pierce*, 71 F.3d 732 (9th Cir. 1995) is equally inapposite. *Stivers* involved a private investigator's licensing application, not a state bar disciplinary complaint. The Northern Nevada Disciplinary Panel is not a licensing tribunal, as was involved in *Stivers*. Moreover, Mirch's curious and unsubstantiated conclusory allegation that "Defendants ... all had a financial interest in the outcome of their [bar] complaints against Mirch because they were opposing counsel in the cases with Mirch," [Opp. p. 9, lns. 4-6] does not

withstand scrutiny. Even if the Northern Nevada Disciplinary Panel were a licensing tribunal, and these Defendants were "adjudicators," their "slight pecuniary interest" would not preclude their participation on the Panel under a due process analysis. *See, e.g. Aetna Life Insurance Co. v. Lavoie*, 475 U.S. 813 (1986) (slight pecuniary interest on part of adjudicatory participants does not violate due process). Although Mirch does not allege any such facts in his First Amended Complaint, even if Defendants were opposing counsel in various matters in which Mirch was counsel, their fees would not give them a "financial interest" in the outcome of the case. Mirch presents no legal authority for his conclusion whatsoever.

Accordingly, it is abundantly clear that no adequate legal basis exists for any of Mirch's claims. This Court has no jurisdiction to hear Mirch's claims as a matter of law, thus negating the very idea of an "adequate legal basis" for Mirch to have presented those claims in this forum. And as noted, Rule 11 requires a "reasonable legal investigation." *Holgate, supra,* at 677. Mirch's investigation was not "reasonable," and his filing is therefore sanctionable.

## III. Conclusion

Defendants' Motion for Sanctions ultimately cannot be decided until the Court has decided Defendants' Motions to Dismiss. However, it is abundantly clear that Mirch filed his First Amended Complaint without an adequate legal basis, and without reasonable investigation. **WHEREFORE**, Defendants request relief as set forth in the Motion for Sanctions, and for such other and further relief as the Court deems appropriate in the circumstances.

Dated this 14th day of August, 2006.

PISCEVICH & FENNER

By: /s/_____
Mark J. Lenz, Esq.
Attorneys for Defendants

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of PISCEVICH & FENNER and that on this date I caused to be served a true and correct copy of the document described herein by the method indicated below, and addressed to the following:

Document Served:          REPLY IN SUPPORT OF MOTION FOR SANCTIONS

Person(s) Served:

Kevin J. Mirch                   _____ Hand Deliver
320 Flint Street                 __XX__ U.S. Mail
Reno, Nevada 89501         _____ Overnight Mail
                                 _____ Facsimile
                                        [number]

DATED this 14th day of August, 2006.

/s/_____
TERESA BORJON