```
 1  Margo Piscevich, NV Bar No. 0917
    Mark J. Lenz, Esq., NV Bar No. 4672
 2  Piscevich & Fenner
    499 West Plumb Lane, Suite 201
 3  Reno, Nevada 89509
    Tel: (775) 329-0958
 4  Fax: (775) 329-2666
    Attorneys for DEFENDANTS
```

**U.S. DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN J. MIRCH, ESQ.,<br><br>                    Plaintiff,<br><br>v.<br><br>BRUCE BEESLEY, ROB BARE, BRIDGET ROBB PECK, DONALD CHRISTENSEN, STATE BAR OF NEVADA, DOES I-X, A-Z CORPORATIONS,<br><br>                    Defendants | Case No. 3:05-cv-00641-RLH-RAM |

# Opposition to Motion for Stay

Defendants submit their Memorandum of Points and Authorities in Opposition to Plaintiff's "Motion for Stay," filed September 8, 2006, as follows:

# Memorandum of Points and Authorities

## I. Statement of Facts

Plaintiff Kevin J. Mirch ("Mirch") filed his First Amended Complaint in this Court on March 23, 2006. As this Court is aware, Mirch's 60-page, 400-paragraph First Amended Complaint purported to seek injunctive and other relief against Defendants, designed to forestall and obstruct State Bar Disciplinary Proceedings scheduled to commence against Mirch on July

13, 2006.[1]  On April 19, 2006, Defendants moved to dismiss the First Amended Complaint. Mirch succeeded in obtaining extensions of time in which to file his oppositions, in spite of Defendants' objections, and his Oppositions are now due on September 12, 2006.  In a pattern becoming all too familiar in this litigation, four days before his oppositions are due, Mirch moves for an indefinite stay of his own litigation,[2] including a stay of his time to oppose Defendants' motions to dismiss.

Mirch notes that on August 23, 2006, the Washoe County District Attorney filed a criminal complaint against him, charging insurance fraud, theft, and suborning perjury in connection with Mirch's 2003 lawsuit against the Howard Group.  He cites as grounds for his motion for stay that he needs to "consult his criminal attorney, David Houston, as to whether he can address [the allegations presented by Mr. Mirch in his Complaint], as it is believed that so doing could very well violate Mr. Mirch's Fifth Amendment right against self-incrimination." [Motion, p. 3, lns. 10-14].  Mirch's motion cites no case authority in support, and fails in logic.

## II.  Argument

### A.  Mirch must present a legal argument in opposition to Defendants' motions to dismiss; he cannot possibly incriminate himself in so doing.

Mirch's logic is puzzling.  Defendants filed motions to dismiss to test the legal sufficiency of Mirch's pleading.  The factual allegations in the First Amended Complaint are Mirch's allegations, and belong to no one else.  His oppositions to the Motions to Dismiss must rationally explain and persuade the Court just how his own factual allegations, already presented, comprise a set of facts that would entitle him to relief.  It is axiomatic that the Court must take

---

[1]  The Formal Disciplinary Hearing is now scheduled for November 30 – December 2, 2006.
[2]  Mirch requests a stay "until the criminal action is resolved." [Motion p. 3, ln. 18].  That date is, however, indefinite.

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

the factual allegations in the First Amended Complaint, to the extent they are intelligible and not mere conclusory statements, as true for purposes of the motions to dismiss. If those factual allegations are incriminating to Mr. Mirch, they have already done their work. There can be no sense in which presenting a legal argument, based on facts already alleged, can be incriminating. Accordingly, Mr. Mirch's logic fails.

Defendants are informed (by the Reno Gazette Journal, p. 3A, September 7, 2006) that Mr. Mirch is not incarcerated, and was released on his own recognizance. Mirch does not, in his Motion for Stay, advise the Court of any date for his criminal trial. While preparing for such may now burden Mr. Mirch's ability to oppose Defendants' Motions to Dismiss, the Court should note that he has had in excess of 140 days in which to do so. Even if some further short extension for the oppositions may be warranted, a stay is not.

## B. Mirch's Motion for Stay fails to demonstrate a probability of success on the merits and possible irreparable injury, or any serious legal questions raised with the balance of hardships tipping sharply in Mirch's favor.

Generally, the Court will apply the same standards in evaluating a motion for stay as for a preliminary injunction. Mirch must show "either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in [Mirch's] favor." *Abassi v. INS*, 143 F.3d 513 (9th Cir. 1998). Mirch's motion does neither. The potentially "serious legal questions" raised by the criminal complaint are irrelevant to Mirch's First Amended Complaint, or to his anticipated oppositions to Defendants' motions to dismiss; and he has shown no reasonable probability of success on the merits, or irreparable injury. Accordingly, Mirch's motion fails to meet the standards for granting a motion to stay this action.

1  Jurisprudence in this Circuit, which Mirch ignores, requires that:

2  A court must decide to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and ***competing interests*** involved in the case. … Obviously, a court should consider the extent to which the defendant's fifth amendment rights are implicated. … Other factors a court should consider … include:

5  (1) the interests of the [defendants] in proceeding expeditiously with [the] litigation … (2) the burden which any particular aspect of the proceedings may place on the defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899 (9th Cir. 1989) (emphasis added).

In this case, Mirch's Fifth Amendment rights are not implicated at all. As noted above, making a legal argument based on facts already alleged cannot be self-incriminating. In addition, the hardship for Defendants occasioned by being forced to wait indefinitely for some resolution of this litigation is significant. Mirch has had nearly 150 days in which to refute Defendants' claims that the First Amended Complaint is legally insufficient. Moreover, Mirch's allegations already span decades, with no end in sight. Placing a further and indefinite hold on this case will place a significant burden on Defendants, and on the public.

As noted in Defendants' Motions to Dismiss, the State Bar of Nevada has an obligation to the public to discipline attorneys who are found to have violated the Rules of Professional Conduct and/or of the Supreme Court of Nevada. Mirch has made allegations not only against the State Bar and its counsel, but also against the Supreme Court and several current or former Second Judicial District Court Judges, including Judges Adams, Hardesty and Peck. Defendants, and the public, have a significant interest in a judicial ruling on whether Mirch's allegations are legally sufficient to withstand the Motions to Dismiss. *See, e.g., U.S. v. International Broth. of Teamsters*, 247 F.3d 370 (2nd Cir. 2001) (disciplinary proceedings need not be stayed because of pending criminal proceedings).

/

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

# III.  Conclusion

Mirch's motion for stay is grounded in an illogical premise and fails to demonstrate that it meets the legal requirements for a stay.  Accordingly, the Court should deny the motion.

**WHEREFORE**, Defendants request relief as follows:

1.   For an Order denying Mirch's request for a Stay;

2.   In the alternative, dismissing Mirch's First Amended Complaint without prejudice pending resolution of the criminal charges against him; and

3.   For such other and further relief as the Court deems appropriate in the circumstances.

Dated this 11th  day of September, 2006.

                                      PISCEVICH & FENNER


By:   /s/_____
       Mark J. Lenz, Esq.
       499 West Plumb Lane, Suite 201
       Reno, NV  89509
       Attorneys for Defendants

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV  89509   775.329.0958

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of PISCEVICH & FENNER and that on this date I caused to be served a true and correct copy of the document described herein by the method indicated below, and addressed to the following:

**Document Served:**     OPPOSITION TO MOTION FOR STAY

**Person(s) Served:**
Kevin Mirch, Esq.                    ____ _____  Hand Deliver
Mirch & Mirch                        ____XX ____ U.S. Mail
320 Flint Street                     _____  Overnight Mail
Reno, NV  89501                      _____  Facsimile
                                                 [number]

DATED this 11th day of September, 2006.


/s/_____
TERESA BORJON

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV  89509   775.329.0958