MIRCH & MIRCH
KEVIN J. MIRCH, ESQ.
NV Bar No. 000923
MARIE C. MIRCH, ESQ.
NV Bar No. 6747
320 Flint Street
Reno, Nevada 89501
(775) 324-7444

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN J. MIRCH, ESQ.

    Plaintiff,

v().                                   Case No. 3:05-CV-000641-RLH-RAM

BRUCE BEESLEY, ROB BARE,
BRIDGET ROBB PECK,
DONALD CHRISTENSEN, STATE BAR
OF NEVADA, DOES I -X
A-Z Corporations,

    Defendant.
_____ /

**REPLY TO OPPOSITION TO MOTION FOR STAY OF ACTION**

COMES NOW, Plaintiff, KEVIN MIRCH, ESQ., by and through his counsel of record, MIRCH & MIRCH, MARIE C. MIRCH, ESQ., and Hereby replies to the Opposition to Motion for Stay filed on behalf of the Defendants. This Reply is based on the accompanying points and authorities, affidavits, exhibits and pleadings on file herein.

**POINTS AND AUTHORITIES**

Plaintiff has filed a motion to stay this proceeding pending a criminal action which was recently filed in State Court against Kevin Mirch. The reason for this request is to protect Mr. Mirch's Fifth Amendment right. Defendants have opposed the motion, claiming that the sole purpose of the present suit is "to forestall and

1

obstruct State Bar Disciplinary Proceedings scheduled to commence against Mirch on July 13, 2006". This statement ignores the fact that there are a number of civil claims against the Defendants aside from that for injunctive relief. The claims include: 1) conspiracy, 2) violation of due process, 3) breach of covenant of good faith and fair dealing, 4) tortious interference with business and 5) injunctive relief.

The suit was initiated in November, 2005. On April 19, 2006, Defendants filed a motion to dismiss. At that time, Mr. Mirch had just suffered a stroke on April 1, 2006, and sought extensions of time to oppose the motions to dismiss. The most recent extension of time was until September 12, 2006.

On August 30, 2006, Mr. Mirch retained attorney David Houston to represent him in regard to criminal charges that had been filed in State Court. Mr. Mirch denies all charges. As a result of the criminal proceedings. Mr. Mirch has moved this Court to stay the civil action in order to preserve his Fifth Amendment rights. Defendants claim that this request fails in logic, because Mr. Mirch has already made statements in the First Amended Complaint, and all that is left for him to do is a legal argument to support the same. However, just because statements were made prior to the criminal complaint being filed, does not deny Mr. Mirch his Fifth Amendment Rights against making or defending any statements at this time.

Finally, the logic which ties the two lawsuits is the following: The present suit alleges improper use of State resources by politically established attorneys in order to obstruct justice against Mirch. The false criminal allegations against Mirch are yet another example of the use of the "system" to punish Mr. Mirch, and could very well be related to the allegations contained in the First Amended Complaint. The extent of the relationship cannot be determined without discovery in the criminal matter.

Mr. Houston has been consulted on this matter and has advised Mr. Mirch not to make any statements in order to protect his Fifth Amendment rights. This includes statements which may be made in the present suit. Mr. Houston was in a federal trial

before Judge McKibbon the week of September 11 - 15, 2006.  There has not yet been any discovery in the criminal case, nor is there a trial date set.   Nevertheless, it is proper that this Court enter a stay in this matter to afford Mr. Mirch the opportunity to receive discovery from the State in the criminal matter to evaluate its relationship to the present action.  The Court may wish to conduct a status hearing at a later date to see how the criminal action has progressed and determine the length of time needed for the requested stay.

## **LEGAL ANALYSIS AND ARGUMENT**

In their opposition to motion for stay, the Defendants argue that Mr. Mirch must demonstrate "either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised, and the balance of hardships tips sharply in [Mirch's] favor"  *Abbassi v. INS*, 143 F.3d 513 (9th Cir. 1998).  The potentially "serious legal question" raised is Mr. Mirch's Constitutional right against self incrimination in the criminal matter.  The competing hardships are the inconvenience to Defendants to have the suit put on hold, versus the hardship imposed by violation of Mr. Mirch's Fifth Amendment rights.  There is no comparison of these hardships.   The violation of the Fifth Amendment rights could be irreparable against Mr. Mirch.

Defendants acknowledge that a "further short extension for the opposition may be warranted".  This is true.  An extension is warranted at least until discovery is completed in the criminal matter.   At that time, Mr. Mirch and Mr. Houston can evaluate if an how Mr. Mirch can proceed with this lawsuit without exposing himself to Fifth Amendment issues.

///
///
///
///

3

## **CONCLUSION**

Based upon the foregoing, it is respectfully requested that this Court grant a stay of this action pending resolution of the criminal matter.

DATED this 19th day of September, 2006.

LAW OFFICE OF MIRCH & MIRCH

By:_____/s/_____

MARIE C. MIRCH, ESQ.
NV SBN: 6747
320 Flint Street
Reno, NV 89501
Attorneys for Plaintiff