Margo Piscevich, NV Bar No. 0917
Mark J. Lenz, Esq., NV Bar No. 4672
Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, Nevada 89509
Tel:  (775) 329-0958
Fax:  (775) 329-2666
*Attorneys for DEFENDANTS*

**U. S. DISTRICT COURT**
**DISTRICT OF NEVADA**

KEVIN J. MIRCH, ESQ.,

          Plaintiff,

v.

BRUCE BEESLEY, ROB BARE, BRIDGET ROBB
PECK, DONALD CHRISTENSEN, STATE BAR OF
NEVADA, DOES I-X, A-Z CORPORATIONS,

          Defendants

Case No. 3:05-cv-00641-RLH-RAM

# Reply in Support of Motions to Dismiss Plaintiff's First Amended Complaint

i

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV  89509  775.329.0958

# **Table of Contents**

Table of Contents..........................................................................................................ii

Table of Authorities .....................................................................................................iii

Memorandum Of Points And Authorities ........................................................................1

I.     Nature of the Case ...........................................................................................1

    A.    Mirch's Opposition confirms that his only goal is to have this Court interfere with the State Bar of Nevada disciplinary proceedings. ........................................... 1

II.    Statement Of Facts Alleged ............................................................................2

    A.    Mirch does not dispute that the individual defendants were named because of their purported involvement in Mirch's State Bar disciplinary proceedings. ........................ 2

    B.    Mirch's Opposition attempts to lump all Defendants together. ......................... 4

III.   Standard of Review .......................................................................................5

IV.   Argument ......................................................................................................5

    A.    Mirch's "qualified immunity" argument does nothing to bolster his defenses against dismissal; Defendants enjoy an absolute quasi-judicial immunity................... 5

    B.    Mirch's First Amended Complaint fails to allege the elements of his §1983 claim with sufficient particularity........................................................................ 7

    C.    Mirch's Eleventh Amendment arguments are incorrect. .................................. 8

    D.    Mirch's *Younger* Abstention analysis is flawed. ............................................. 9

    E.    The Sherman and Clayton Acts do not apply to State Bar action..................... 11

    F.    Defendant Don Christensen is entitled to be dismissed from this action. ......... 13

    G.    To the extent the Court considers Mirch's supplemental state law claims, it should dismiss them for failure to state a claim. .................................................... 14

V.    Conclusion ....................................................................................................15

CERTIFICATE OF SERVICE .......................................................................................17

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV  89509   775.329.0958

ii

# Table of Authorities

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

## Cases

*Botello v. Gammick*, 413 F.3d 971 (9th Cir. 2005)...........................................................................6

*Canatella v. California*, 404 F.3d 1106 (9th Cir. 2005) .......................................................... 10, 11

*Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) .......................................................6

*Consolidated Generator-Nevada Inc. v. Cummins Engine Co. Inc.,* 114 Nev. 1304, 971 P.2d 1215 (1998) .......................................................................................................................... 15

*Crosetto v. State Bar of Wisconsin*, 12 F.3d 1396 (7th Cir. 1993) ...............................................9

*Foley v. Alabama State Bar*, 648 F.2d 355 (5th Cir. 1981) .........................................................11

*Ginger v. Circuit Court for County of Wayne*, 372 F.2d 621 (6th Cir. 1967) .................................6

*Ginter v. State Bar of Nevada*, 625 F.2d 829 (9th Cir. 1980).......................................................8

*Goldberg v. Eighth Judicial Dist. Court,* 572 P.2d 521, 522, 93 Nev. 614, 615 (1977) ...............9

*Hilton Hotels v. Butch Lewis Productions, Inc.* 109 Nev. 1043, 862 P.2d 1207 (1993) ..............15

*In re Monteiro,* 100 Nev. 440, 684 P.2d 506 (1984) .....................................................................4

*Kirksey v. State of Nevada*, 112 Nev. 980, 1006, 923 P.2d 1102, 1118 (1997)...........................14

*Kissell v. Breskow*, 579 F. 2d 425 (7th Cir. 1978) .................................................................. 6, 7

*Lebbos v. State Bar*, 165 Cal.App.3d 656 , 211 Cal.Rptr. 847 (1985) ................................. 6, 7, 8

*Louis v. Supreme Court of Nevada,* 490 F. Supp. 1174 (D.Nev. 1980).........................................6

*Manufactured Home Com. V. City Of San Jose*, 420 F.3d 1022 (9th Cir. 2005) .................... 5, 12

*Marceau v. Blackfeet Housing Authority*, 455 F.3d 974 (9th Cir. 2006).......................................8

*Middlesex County Ethics Committee v. Garden State Bar Ass'n.*, 102 S.Ct. 2515, 457 U.S. 423, 73 L.Ed.2d 116 (1982)......................................................................................................... 10

*Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943) ..........................................11

*Perry v. Jordan*, 111 Nev. 943, 900 P.2d 335 (1995)................................................................14

*Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) .......................................5

*Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir.1995) .....................................................................14

*Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980) ............................8

*Taylor v. Mitzel*, 82 Cal.App.3d. 665, 674, 147 Cal.Rptr. 323 (1978) .........................................7

*Wasco Products v. Southwall Technologies,* 435 F.3d 989 (9th Cir. 2006) .................................13

*Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464 (1975) ..............................................14

## Statutes

15 U.S.C §§ 1, 2, 15, and 26.....................................................................................................11

28 U.S.C. § 1331........................................................................................................................2

42 U.S.C. § 1983 .......................................................................................................................2

42 U.S.C. §1983 ................................................................................................................ 6, 7, 8

NRS 11.190(3) .........................................................................................................................14

NRS 11.190(4) .........................................................................................................................15

iii

**Rules**
SCR 106 (1) .................................................................................................................. 12
SCR 76 ........................................................................................................................... 8

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV  89509  775.329.0958

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

# Reply in Support of Motions to Dismiss

Defendants, by and through their counsel of record, submit their combined Memorandum of Points and Authorities in Support of their Motions to Dismiss, filed April 19, 2006, as follows:

# Memorandum Of Points And Authorities

## I.    Nature of the Case

### A.    Mirch's Opposition confirms that his only goal is to have this Court interfere with the State Bar of Nevada disciplinary proceedings.

As noted in Defendants' Motions, on November 23, 2005, Plaintiff Kevin Mirch ("Mirch") filed his complaint in this Court for the purpose of obfuscating a disciplinary proceeding pending against him before the State Bar.  Mirch's First Amended Complaint remains a prime example of vexatious and inappropriate litigation, comprising sixty (60) pages and four hundred (400) paragraphs of repetitive, accusatory, defamatory, largely unintelligible allegations against a panoply of judges, mediators, attorneys and State Bar officials, all of whom are accused of conspiring against Mirch to destroy his law practice and reputation.  While his Opposition attempts to focus on the alleged conspiracies, it is clear that his goal remains the same – prevention of the disciplinary action against him.

Defendants have not ignored Mirch's allegations ranging from nefarious political skullduggery, to terrorism (bombing of his office), to theft and fraud, to intent to cause Mirch mental harm.  However, even if all of Mirch's allegations were to be accepted as true, they fail to

1

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

overcome the obvious and fatal jurisdictional deficiencies in his First Amended Complaint.  And even if Mirch were able to overcome the jurisdictional deficiencies, he cannot overcome the other deficiencies that appear on the face of his First Amended Complaint.

As also noted in Defendants' Motions, the impetus for Mirch's disciplinary action stems from a First Amended Complaint filed in the Second Judicial District Court, Washoe County, Nevada, *styled Kevin J. Mirch, Doe Plaintiffs A-Z v. McDonald, Carano & Wilson, LLP, Leigh Goddard, Esq., and Doe Attorneys 1-10.*, case no. CV02-05644.  On October 9, 2003, District Judge James Hardesty entered an Order Dismissing Mirch's lawsuit, imposing sanctions pursuant to NRCP 11, and referring the matter to the State Bar for disciplinary investigation. Following additional correspondence and investigation, the State Bar filed a Formal Complaint against Mirch on June 14, 2004.  After extensive motion practice and continuances, most of which were requested by Mirch, the matter is now scheduled for hearing beginning December 7, 2006.  Thus, Mirch's disciplinary case is ongoing.  It is this hearing which Mirch is still seeking to enjoin and obstruct.  His Opposition attempts to deflect the Court's attention from the real allegations which, with some difficulty, may be gleaned from Mirch's First Amended Complaint.

## II.   Statement Of Facts Alleged

### A.   Mirch does not dispute that the individual defendants were named because of their purported involvement in Mirch's State Bar disciplinary proceedings.

As noted, all of the individual Defendants were named based upon conduct alleged to have been undertaken under color of law, thereby purportedly establishing this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.  [Plaintiff's First Amended Complaint ("FAC"), ¶ 15.]  Mirch now claims that the "crux of the complaint … is the

2

ongoing conduct of the Defendants to interfere with Mr. Mirch's business of practicing law." [Opp. p. 2, lns. 20-21].

However, Mirch does not dispute that Defendant Rob Bare was sued strictly for his conduct performed in furtherance of his duties as Bar Counsel for the State Bar of Nevada. [FAC, ¶¶ 37, 41, 75, 78, 194, 210 – 212].   And while Defendants Bruce Beesley and Bridget Robb Peck appear to have been sued strictly for conduct arising from their interaction with the disciplinary process of the State Bar, either by filing grievances with the State Bar or allegedly inducing others to do so, Mirch now claims they were sued for interfering with Mirch's law practice.  That argument is sophistry, however.  The First Amended Complaint makes clear that any alleged interference resulted from alleged bar complaints, or as Mirch now phrases it, to "use of the Bar as a litigation tool."  [Opp. p. 4. ln. 10].  [*See, specifically*, FAC, ¶ 96 ("During that litigation, Mr. Mirch endured nearly one dozen bar complaints either encouraged or written by Mr. Beesley and Ms. Peck.")].  It is a distinction without a difference.  Defendants previously noted that Mirch's allegations appear to encompass an alleged conspiracy and concert of action between these two Defendants and the State Bar.  [FAC, ¶¶ 41, 44, 45, 46, 71, 72, 76, 78, 96, 155, 164, 194, and 208].

Mirch's Opposition also suggests that Defendant Don Christensen was properly sued on the basis of a "conflict of interest."  [Opp. p. 21, lns. 21-22].  Mirch's Opposition does nothing to dispel the conclusion that Mirch simply failed to allege any ***specific*** conduct by Mr. Christensen in the First Amended Complaint outside his involvement in a disciplinary proceeding.

Finally, if the Court were to attempt to separate Mirch's Siamese twins - alleged interference with his law practice and injunction against the disciplinary proceeding – both would still fail to survive the operation.  The state law claims are barred by numerous

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

3

deficiencies, not the least of which are statutes of limitation; and the purported federal law claims are barred, as noted in Defendants' Motions, by various other defects.

## B.    Mirch's Opposition attempts to lump all Defendants together.

Mirch claims that his lawsuit "arises from years of disparate treatment by the Defendants" against him.  [Opp. P. 2, lns. 3, 4].  His Opposition makes no effort to address the different motions to dismiss filed by the State Bar of Nevada and by the individual defendants. The State Bar of Nevada has asserted different defenses to Mirch's First Amended Complaint than these individual defendants, although some of the defenses overlap.  Accordingly, Defendants have filed a combined Reply in support of their respective Motions to Dismiss.

Throughout the general allegations of his First Amended Complaint, Mirch alleges a conspiracy by Defendants to use the discipline process of the State Bar against him.  [*See,* FAC ¶¶ 25, 37, 39, 41, 60, 155, 194, 259].  Thus, the nucleus of Defendants' alleged improper conduct arises from their participation in the discipline process.  Mirch still fails to allege, in any cognizable or coherent manner, that these Defendants are using *any other means* to harm Mirch. Mirch does not dispute that neither the Nevada Supreme Court nor any of the Defendants have ever deprived Mirch of his license to practice law.[1]

Mirch's allegations establish that the entire thrust of his First Amended Complaint is directed toward the State Bar of Nevada disciplinary system and various actors within it, be they Bar Counsel, Hearing Panel member, or grievant.  And, as set forth in the Motions to Dismiss, all five Claims for Relief, being predicated upon this common nucleus of operative facts and

---

[1]    The Court may certainly note that Mr. Mirch is facing a criminal proceeding involving charges of insurance fraud, theft and suborning perjury, conviction on any of which may or may not result in disbarment.  *See, In re Monteiro,* 100 Nev. 440, 684 P.2d 506 (1984).

4

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

conduct, should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

## III.    Standard of Review

Mirch does not disagree with Defendants' recited standard of review.  He does, however, fail to note that the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Manufactured Home Com. V. City Of San Jose*, 420 F.3d 1022 (9th Cir. 2005); *citing, Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) (reviewing motion to dismiss for failure to state a claim under Rule 12(b)(6)).

## IV.    Argument

### A.    Mirch's "qualified immunity" argument does nothing to bolster his defenses against dismissal; Defendants enjoy an absolute quasi-judicial immunity.

Mirch argues that the individual Defendants' conduct alleged in the First Amended Complaint is subject only to a "qualified immunity," because the conduct has gone "outside the scope of immunity." [Opp. p. 5, lns. 15-18].  Mirch apparently agrees that if Defendants had not acted outside the scope of immunity, an absolute judicial immunity would apply.  Mirch asserts the bare conclusion that "it is undisputed that Beesley, Peck Et. Al. were using the bar as an advertising and litigation tool by telling clients they had the power to affect attorneys' licenses and therefore the underlying cases." [Opp. p. 5, lns. 12-15].  The focus of the allegation remains "using the bar," i.e., initiating, investigating and/or prosecuting disciplinary actions against Mirch.  Accordingly, Mirch has failed to allege any conduct outside the scope of immunity, as he alleges.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV  89509  775.329.0958

5

Cases in which absolute judicial immunity applies to actors in state bar disciplinary proceedings abound.  In *Louis v. Supreme Court of Nevada,* 490 F. Supp. 1174 (D.Nev. 1980), this Court dismissed plaintiff's 42 U.S.C. §1983 claims against the State Bar of Nevada because it was "under the exclusive jurisdiction and control of the Nevada Supreme Court," and as "an integral part of the judicial process … entitled to immunity from suit under the Civil Rights Act." *Id.* at 1180, *citing, Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (§1983 claim against State Bar dismissed on ground state was not a "person" under §1983, state bar acted in quasi-judicial capacity and had judicial immunity from suit under Civil Rights Act, and no federal court except the U.S. Supreme Court may set aside a judgment of a state court).  *See also, Kissell v. Breskow*, 579 F. 2d 425 (7th Cir. 1978) (executive secretary of state bar had quasi-judicial immunity against suit arising out of disciplinary action); *Lebbos v. State Bar*, 165 Cal.App.3d 656 , 211 Cal.Rptr. 847 (1985) (state bar and its officers held quasi-judicial immunity from suit under §1983); *Ginger v. Circuit Court for County of Wayne*, 372 F.2d 621 (6th Cir. 1967).

Mirch argues that *Botello v. Gammick*, 413 F.3d 971 (9th Cir. 2005) requires a different result.  Mirch is in error.  In *Botello*, the Court noted that "[p]rosecutors are absolutely immune from liability under §1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process."  *Id.* at 975.  *Botello* did not involve any claim of quasi-judicial immunity by actors in a state bar disciplinary proceeding, and *Botello* did not purport to overrule *Clark*.  Accordingly, to the extent the actions of all the Defendants in this case were intimately associated with the initiation, investigation and/or prosecution of a State Bar disciplinary proceeding, Defendants are immune from suit as a matter of law.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

Mirch's First Amended Complaint alleges only "use of the bar as a litigation tool" against the individual defendants.  That is a "mere general allegation which [does] not reveal detailed and precise facts…."  *Kissell v. Breskow, supra,* at 428.  A claim under §1983 requires "[m]uch more than vague and conclusory allegations ….  A plaintiff must allege with particularity facts in the form of specific overt acts."  *Lebbos, supra,* at 664, *citing, Taylor v. Mitzel*, 82 Cal.App.3d. 665, 674, 147 Cal.Rptr. 323 (1978).  Mirch's only attempt to allege specific overt acts fails entirely.  *See.,* FAC ¶¶44-46 (containing only conclusory allegations and hearsay from fifteen years ago); ¶72 (containing only conclusory allegations and inadmissible hearsay, but no specific facts); ¶¶261-262 (virtually unintelligible, but alleges only general "use of the State Bar of Nevada as a business tool).

Thus, Mirch's First Amended Complaint fails to allege any facts sufficient for a finding that Defendants were acting outside the scope of their quasi-judicial immunity.  In fact, his allegations establish that Defendants' conduct was intimately connected with their quasi-judicial activities for the State Bar.  The Court should dismiss Mirch's complaint on the grounds of quasi-judicial immunity.

## B.   Mirch's First Amended Complaint fails to allege the elements of his §1983 claim with sufficient particularity.

Mirch follows the example of the attorney in *Lebbos*, who also failed to allege the elements of her purported §1983 claim with any sufficient particularity.  Ms. Lebbos alleged, as does Mirch, that the defendants, "acting individually or in concert, deprived her of rights guaranteed her under the federal and state Constitutions, including equal protection, due process, freedom of speech [etc.]."  *Id.* at 663.  The *Lebbos* court noted that §1983 claims must contain

7

two elements:  depriving plaintiff of a right secured by the constitution, and acting under color of state law at the time the conduct complained of occurred.  *Id.*

Mirch's Opposition appears to argue both that the individual Defendants were ***not*** acting under color of state law, because their acts were purportedly outside the scope of their immunity, and that they ***were*** acting under color of state law, as participants in the State Bar grievance process.  Mirch cannot have it both ways.  If Defendants were acting under color of state law, then their acts as members of the Northern Nevada Disciplinary Panel, or as the State Bar, were absolutely immune; and if they were not, then Mirch has failed to state a claim under §1983.  In any event, as noted above, Mirch has also failed to allege any specific overt acts sufficient to state a claim of acting under color of state law.  *See, Lebbos, supra,* at 664.  "A private entity or individual does not conspire with a state official merely by asking a state official to take some action."  *Id.*, *citing, Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980).

## C.   Mirch's Eleventh Amendment arguments are incorrect.

Mirch argues that because the State Bar, under SCR 76, can "sue and be sued," it must therefore have waived its Eleventh Amendment immunity.  The argument does not withstand scrutiny.  Numerous cases hold that a "sue and be sued" clause in an enabling statute constitutes a waiver of sovereign immunity, [*see, e.g., Marceau v. Blackfeet Housing Authority*, 455 F.3d 974 (9th Cir. 2006)], but the Court will look in vain for any case that suggests that a state's waiver of sovereign immunity ***also*** constitutes a waiver of Eleventh Amendment immunity.  *See, e.g., Ginter v. State Bar of Nevada*, 625 F.2d 829 (9th Cir. 1980)(State Bar of Nevada immune from suit under Eleventh Amendment).  Clearly the "sue and be sued" clause did not prevent the application of the Eleventh Amendment in *Ginter*.  The waiver of sovereign immunity means the

8

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509 775.329.0958

1  State Bar could be sued, in an appropriate case, in state court, not in any federal court.  Mirch is

2  simply wrong.

3  In *Crosetto v. State Bar of Wisconsin*, 12 F.3d 1396 (7th Cir. 1993), the Court remanded

4  the case for a determination as to whether the State Bar had sufficient "state characteristics" to

5  qualify for immunity, and directed that if the lower court found that a suit against the state bar

6  was a suit against the state, all of plaintiff's claims must be dismissed under the immunity

7  analysis.  *Id.* at 1402.  Here, there is no question that the State Bar, as the investigative arm of the

8  Supreme Court of Nevada, *is* the State.  *Goldberg v. Eighth Judicial Dist. Court,* 572 P.2d 521,

9  522, 93 Nev. 614, 615 (1977) ("[I]t is clear that the judiciary, as a coequal branch of government,

10  has inherent powers to administer its affairs.").  Thus, the State Bar is immune from suit in this

11  case.

12

13  Mirch also asserts that the Eleventh Amendment does not apply to Defendants Beesley,

14  Peck and Christensen.  In support of that argument, Mirch reiterates certain paragraphs in his

15  First Amended Complaint [¶¶ 44-46, 72, 74, and 261-262] [Opp. pp. 10, 11].  However, Mirch

16  admits that these Defendants were "acting under color of the state…." [Opp. p. 9, ln. 21].  His

17  conclusory allegations do nothing to overcome the fact that these Defendants were acting in their

18  capacity as members of the Northern Nevada Disciplinary Panel, as Mirch clearly alleges

19  elsewhere.  And even if Eleventh Amendment immunity did not apply to Beesley, Peck and

20  Christensen, Mirch failed to state any claim against them under either federal or state law.  [*See,*

21  Motion to Dismiss].

22

23  ### D.    Mirch's *Younger* Abstention analysis is flawed.

24  Mirch asserts that *Younger* abstention [*Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27

25  L.Ed.2d 669 (1971)] "does not preclude this civil action." [Opp. p. 12, ln. 4].  Mirch ignores

26

27                                                  9

28

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

settled law on this issue.  In *Canatella v. California*, 404 F.3d 1106 (9th Cir. 2005), the California State Bar issued a notice of disciplinary charges against one Mr. Bendel.  Bendel then filed a motion to intervene in Mr. Canatella's case seeking an injunction against the State Bar.  The *Canatella* court found that *Younger* abstention did not apply to Mr. Canatella, because the disciplinary proceeding against Mr. Canatella was "no longer ongoing."  The court denied Bendel's motion to intervene, however, under *Younger,* because Bendel's disciplinary action was still pending, and the *Younger* factors set forth in *Middlesex County Ethics Committee v. Garden State Bar Ass'n.*, 102 S.Ct. 2515, 457 U.S. 423, 73 L.Ed.2d 116 (1982) applied.

Those factors, as noted in Defendants' Motions, are: (1) ongoing state proceedings; (2) implication of important state interests; and (3) an adequate opportunity to litigate federal claims. *Canatella, supra*, at 1109, 1110.  Mirch's state proceedings are still ongoing.  The *Canatella* Court noted that "California's attorney disciplinary proceedings implicate important state interests."  *Id.* at 1110.  There is no reason to suppose Nevada would take a different approach. And finally, the *Canatella* Court held that the attorney disciplinary proceedings provide an adequate opportunity to litigate the federal claims.  *Id.* at 1111.

Mirch misstates the law when he asserts that "the *Younger* abstention doctrine does not apply to preclude federal jurisdiction when the claims alleged in the federal suit would not be fully adjudicated in the State Bar disciplinary process."  [Opp. p. 12, lns. 9-11].  This misstates the third *Middlesex* factor, i.e. that the state proceedings provide "an adequate opportunity to litigate federal claims."  It does not require that all claims asserted in the federal litigation be fully adjudicated, only that there be an adequate opportunity to litigate them.  And as in *Canatella*, Mirch would have an adequate opportunity to litigate his federal claims in the disciplinary proceeding.

10

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

Mirch's analysis of *Foley v. Alabama State Bar*, 648 F.2d 355 (5th Cir. 1981) is similarly flawed.  Defendants cited *Foley* for the proposition (which Mirch fails to refute) that the Sherman and Clayton Acts did not apply to State Bar disciplinary action.  The *Foley* Court declined to apply *Younger* abstention on the ground there was "no indication that appellants may vindicate their constitutional rights in the state bar disciplinary proceedings…."  *Id.* at 360. *Canatella, supra*, indicates a contrary holding in the Ninth Circuit.

## E.     The Sherman and Clayton Acts do not apply to State Bar action.

Mirch ignores the holding in *Foley, supra*, which makes it clear that neither the Sherman Act nor the Clayton Act apply to actors in the State Bar disciplinary process.  Instead, he claims that the individual defendants are not shielded by the *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943) immunity.  Mirch ignores his own factual allegations which demonstrate that all of the individual Defendants' actions were undertaken as either grievants or as members of the Northern Nevada Disciplinary Panel.

As noted in Defendants' Motions,  Mirch's First Claim for Relief alleges that the individual Defendants acted in conspiracy and concert to violate the antitrust laws set forth in the Sherman and Clayton Acts (15 U.S.C §§ 1, 2, 15, and 26).  [FAC, ¶¶ 260 – 290].  This alleged conspiracy directly involves use of the State Bar and the disciplinary process. [*See, e.g,* . FAC, ¶¶ 266. 269, and 275].

First, Mirch asserts that Defendants acted under color of state law, and then that their acts "went outside the scope of the disciplinary process."  [Opp. p. 14, lns. 4, 5].  Again, he cannot have it both ways; but the allegations noted above establish that his alleged conspiracy hinges on use of the State Bar and the disciplinary process.  The State Bar of Nevada, and its officers and

11

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

agents acting within the course and scope of their duties, are exempt from the Sherman and

Clayton Acts.  All of the alleged violative conduct arose from each of the Defendant's

performance of duties in the discipline process.  SCR 106 (1) provides,

> All participants in the discipline process, including grievants, bar counsel staff, members of disciplinary panels, the LOMAP director and staff, diversion monitors and staff, and witnesses, shall be absolutely immune from civil liability. No action may be predicated upon the filing of a disciplinary complaint or grievance or any action taken in connection with such a filing by any of the participants

The Nevada Supreme Court has extended judicial immunity to all participants in the

discipline process, including all the Defendants here.  All are acting within the scope of the

judicial immunity.  No civil liability attaches for any conduct, and the immunity is absolute,

regardless of motive or intent.  Mirch's allegation that Defendants have used the State Bar

disciplinary process "as a litigation tool" [Opp. p. 15, ln.1] is a mere conclusory allegation that

cannot be viewed as a fact.  And the Court need not consider such conclusory allegations in

deciding a motion to dismiss.  *See, Manufactured Home Com. V. City Of San Jose*, 420 F.3d

1022 (9th Cir. 2005).

Mirch claims to have adequately pleaded the elements of his antitrust claims, but a

review of his allegations demonstrates the contrary.  In FAC ¶260, Mirch incorporates all

"claims of this complaint…."  Mirch then highlights certain phrases in his First Amended

Complaint in an effort to show proper pleading.  However, every phrase highlighted is another

mere conclusion.  When one searches for facts, all that appears is flummery, such as "use the

State Bar of Nevada as Business Tool to cause harm to Mr. Mirch's business; and cause a

boycott of Mr. Mirch's business by terminating repeatedly causing false claims to be filed with

the State Bar …."  [Opp. p. 15, lns. 23-24; FAC ¶261].  He then highlights "directly affects

interstate commerce;"  "the anti-competitive" and "The effect of the conspiracy is a diminution

12

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

in the field of law, gaming regulation and law." [Opp. p. 16, lns. 2, 5, 7]. He goes on for two more pages, purportedly emphasizing the words in his First Amended Complaint that establish an antitrust claim – but the words have no meaning. Every highlighted phrase is a conclusion, not a fact. And the words between the highlighted sections are no better.

Mirch agrees that he must have alleged "(1) concerted action; (2) by two or more persons; (3) that unreasonably restrains interstate or foreign trade or commerce." [Opp. p. 15, lns. 8, 9]. The only "concerted action" alleged as a fact in the First Amended Complaint is a curious and ultimately unintelligible phrase in ¶262: "The Defendants have ***agreed*** to prevent the disciplinary process to be used as a business or fraudulent tool to cause "non-compliant" attorneys that participate in illegal or improper conduct which directly affects interstate commerce." … [Opp. p. 15, ln.27; p. 16, lns. 1, 2 (emphasis added)]. Nowhere does Mirch allege any facts that say what the "concerted action" or "agreement" was. He refers to "illegal agreements" "established under §1 of the Sherman Act," [FAC ¶273], but does not describe any acts undertaken as a result of such agreements, or with whom such agreements existed. In short, even if Mirch's antitrust claims were not barred by immunity, he has failed to state any such claims with the requisite particularity. *See, e.g., Wasco Products v. Southwall Technologies,* 435 F.3d 989 (9th Cir. 2006) (elements of civil conspiracy extended to antitrust conspiracies).

## F.   Defendant Don Christensen is entitled to be dismissed from this action.

Mirch agrees that the only operative facts alleged against Defendant Don Christensen are that he purportedly participated in Mirch's disciplinary case when he had a conflict of interest, and was therefore biased. [Opp. p. 21, lns. 11-19; FAC, ¶¶ 299(g) – (j)]. Again, Mirch fails to point out to the Court how, when or where Mr. Christensen was involved in Mirch's disciplinary

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

case.  Nevertheless, he continues to allege he was deprived of his due process rights presumably because he was not afforded an impartial tribunal at some point in the disciplinary proceedings. However, Mirch ignores the law as noted in Defendants' Motion.  *See, e.g., Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir.1995);  *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464 (1975). Respondent bears the burden of establishing sufficient facts warranting disqualification.  *Kirksey v. State of Nevada*, 112 Nev. 980, 1006, 923 P.2d 1102, 1118 (1997).  *See, also*, *Hirsh v. Justices of Supreme Court of State of California*, 67 F.3d 708, 713 (9th Cir. 1995).

Mirch cannot dispute that he has not alleged that Mr. Christensen has an actual bias, or a pecuniary or personal interest in the outcome of Mirch's disciplinary matter.  Mirch has simply failed to allege sufficient facts against Mr. Christensen even to create some appearance of impropriety, much less a conflict of interest that rises to a constitutional infirmity.  Accordingly, the Court should dismiss Mirch's claims against this particular Defendant as well.

## G.   To the extent the Court considers Mirch's supplemental state law claims, it should dismiss them for failure to state a claim.

Although not argued directly in the Motions to Dismiss, Defendants assert that even if the Court were to consider any of Mirch's purported state law claims, they should be dismissed for failure to state a claim.  Mirch's Third Claim for Relief purports to be a claim for breach of the covenant of good faith and fair dealing -  but Mirch fails to allege the existence of any valid agreement to which he is a party.  *See, Perry v. Jordan*, 111 Nev. 943, 900 P.2d 335 (1995).  He then alleges that Mr. Laxalt, a non-party, made a "false statement" in 1995.  Even if that could be construed to state a claim against any of these Defendants, the limitation period on intentional misrepresentation is three years, not ten.  NRS 11.190(3).

14

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

Mirch's Fourth Claim for Relief, "Tortuous Interference With Business" even if it can be read to mean either intentional interference with contractual relations or intentional interference with prospective economic advantage, fails to allege the necessary elements of either claim.  The first requires alleging that a contract existed, which Mirch fails to do; and the second requires an allegation of a prospective contractual relationship between Mirch and a third party, and Defendants' knowledge of such contract, which Mirch also fails to allege. Instead, he alleges that a non-defendant, Judge Munnell, knew of such "contracts."  [FAC ¶368]. *See, e.g., Hilton Hotels v. Butch Lewis Productions, Inc.* 109 Nev. 1043, 862 P.2d 1207 (1993); *Consolidated Generator-Nevada Inc. v. Cummins Engine Co. Inc.,* 114 Nev. 1304, 971 P.2d 1215 (1998).

Additionally, because Mirch's Third and Fourth Claims purportedly sound in tort, the limitations period is two years.  NRS 11.190(4).  Mirch's alleged facts in the First Amended Complaint refer to events which occurred in 1985 [FAC ¶ 261]; 1991 [FAC ¶ 44]; 1995 [FAC ¶¶ 50, 353]; 1998 [FAC ¶76, 108]; and, curiously, 2007 [FAC ¶75].  Accordingly, his state law claims may also be dismissed on those grounds as well.

# V.    Conclusion

 Mirch's Opposition does not cure the significant defects in his First Amended Complaint.  The focus of the Complaint is still the State Bar Disciplinary proceedings and all the Defendants' involvement in them.  While Mirch attempts to deflect the Court's attention away from Defendants' quasi-judicial immunity and Eleventh Amendment immunity, he fails to do so. In addition, Mirch simply fails to state any claims cognizable in this Court as a matter of law.

Accordingly, even if the largely unintelligible and scandalous allegations in the First Amended Complaint are assumed to be true, Mirch can prove no set of facts that would entitle him to relief on any of his claims.  His claims are barred by well-established Federal law and

precedent, including the Eleventh Amendment.   Accordingly,  Defendants request relief as set

forth in their Motions to Dismiss, and for such other and further relief as the Court deems

appropriate in the circumstances.


       Dated this _____ day of October, 2006.

                                      PISCEVICH & FENNER


                  By:    /s/_____
                            Mark J. Lenz, Esq.
                            499 West Plumb Lane, Suite 201
                            Reno, NV  89509
                            Attorneys for Defendants

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV  89509  775.329.0958

16

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of PISCEVICH &

FENNER and that on this date I caused to be served a true and correct copy of the document

described herein by the method indicated below, and addressed to the following:

**Document Served:**        **REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**Person(s) Served:**

| Kevin J. Mirch | _____ | Hand Deliver |
|---|---|---|
| 329 Flint Street | ___XX___ | U.S. Mail |
| Reno, NV 89501 | _____ | Overnight Mail |
| | _____ | Facsimile |
| | | [number] |

DATED this _____ day of October, 2006.


_____

TERESA BORJON

**Piscevich & Fenner**
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

17