MIRCH & MIRCH
KEVIN J. MIRCH, ESQ.
NV Bar No. 000923
MARIE C. MIRCH, ESQ.
NV Bar No. 6747
320 Flint Street
Reno, Nevada 89501
(775) 324-7444
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN J. MIRCH, ESQ.

    Plaintiff,

v.

BRUCE BEESLEY, ROB BARE,
BRIDGET ROBB PECK,
DONALD CHRISTENSEN, STATE BAR
OF NEVADA, DOES I -X
A-Z Corporations,

    Defendant.
_____/

Case No. 3:05-CV-00641-RLH-RAM

**OPPOSITION TO RESPONSE TO ORDER RE FEES**

COMES NOW, Plaintiff, KEVIN MIRCH, ESQ., by and through his counsel of record, MIRCH & MIRCH, MARIE C. MIRCH, ESQ., and opposes Defendants' Response to Order Re Fees.

This Opposition is made and based upon the following memorandum of points and authorities, exhibits, affidavits, and pleadings on file herein.

DATED this 25th day of January, 2007.

                              MIRCH & MIRCH

                              By:_____/s/_____
                                  MARIE C. MIRCH, ESQ.
                                  SBN Nev.: 6747
                                  320 Flint Street
                                  Reno, NV 89501
                                  (775) 324-7444
                                  Attorney for Plaintiff

**POINTS AND AUTHORITIES**

**I**

**FACTS**

**a.  Initiation of Suit**

This action commenced on November 23, 2005 with the filing of a civil complaint, which was later amended on March 23, 2006. The First Amended Complaint was then served upon the Defendants in late March, 2006.

**b.  Mr. Mirch suffered a stroke**

On April 1, 2006, Mr. Mirch fell seriously ill and went to the emergency room of St. Mary's Hospital in Reno, Nevada.  Mr. Mirch remained ill and on Thursday morning , April 6, 2006 was admitted to St. Mary's Hospital.  Mr. Mirch remained in the hospital five days until his discharge  late in the day of April 10, 2006.  The reason for Mr. Mirch's hospitalization was that he suffered a stroke on or about April 1, 2006. Mr. Mirch's medical records confirming his medical condition have been filed under seal with this Court.

**c.  Extension given to Defendants' Respondents to respond to First Amended Complaint**

As explained above, Mr. Mirch was released from the hospital on April 10, 2006.  Mrs. Mirch took Mr. Mirch home and cared for him.  Mrs Mirch is also Mr. Mirch's only law partner and not only cared for Mr. Mirch but made numerous trips to the office to keep mind the duties of the firms law practice.  One of those duties was the gracious extension of time the Defendants were given to respond to the First Amended Complaint.  A Stipulation was submitted on April 11, 2006, just the day after Mr. Mirch came home from the hospital.   *(Dock #9).*    The Order on the Stipulation was signed the very same day by the Honorable United States Magistrate Jude Robert McQuaid.  *(Dock # 11)*

d.   **Defendants' Motions to Dismiss and Plaintiff's Request for Extension of Time**

On April 19, 2006, Defendants filed two motions to dismiss. (Dock #'s 12 & 13)  In light of Mr. Mirch's serious health condition, a Motion for Extension of Time was filed, seeking 60 days to respond to the two motions. *(Dock. # 14)*.  The Motion included the Affidavit of Marie Mirch, which explained the health condition of Mr. Mirch and the good cause for such an extension.  On May 15, 2006, the Defendants file a Response to the Motion for Extension of Time, questioning Mr. Mirch's stroke. *(Dock #15)*.  Judge Hunt denied the extension request and ordered the oppositions to both motions be filed within 10 days. *(Dock # 16)*.   On May 19, 2006 Defendants Beesley, Peck and Christensen filed a Motion for Sanctions. *(Dock # 11)*

Because Mr. Mirch was not physically capable of complying with Judge Hunt's Order to respond to the motions to dismiss within 10 days, a Petition for Writ of Mandamus was filed with the 9th Circuit Court of Appeals. The 9th Circuit ordered a response from the defendants, *( Dock #28)* and later denied the writ as moot, because the 60 days requested by the extension had passed. *(Dock #39)*.  Also by the time of the 9th Circuit's decision, this Court had accepted copies of Mr. Mirch's medical records under seal and granted an extension of time.  *(Dock #34)*.  A second motion for extension of time due to Mr. Mirch's health was granted by this Court on August 21, 2006.  *Dock #38*.

e.   **Ruling by the Court**

Mr. Mirch filed his oppositions to the motions to dismiss and motion for sanctions, and the Defendants replied.   On January 9, 2007, this Court entered an Order granting the motions to dismiss and ruled on the Defendants' Motion for Sanctions as follows:

> IT IS FURTHER ORDERED that Defendants' Motion for Sanctions (#17) is GRANTED **to the extent that Defendants Beesley, Peck and Christensen submit evidence of reasonable attorneys' fees** within two weeks from the date of this Order.

*Order at 19:10-12. # 48)*.

Defendants filed a Response to Order re Fees, requesting this Court to award the sum of $9,303.75, which in one half of the total bill incurred for not only Beesley, Peck and Christensen, but Defendants State Bar and Bare as well. *(Dock # 49)*. Defendants also filed a bill of costs. Defendants' fees should be denied in their entirety because Defendants have failed to meet the standard for an award of fees required in Federal Court. Further the copying costs must be denied as there is no specificity regarding the same.

## II

## LEGAL ANALYSIS AND ARGUMENT

In granting an award for attorney's fees under any statute or rule, the Court must initially determine that the fees requested are reasonable. To determine the reasonableness of attorney's fees, the court must be satisfied that the affidavits submitted by the parties are sufficient to enable the court to consider <u>all</u> the factors necessary for such determination. *Dennis v. Chang*, 611 F.2d 1302, 1308 (9th Cir. 1980).

The standard set by federal courts in determining a lodestar fee in ruling on a motion for attorneys' fees is that when the district court sets a fee, the court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). Next, in appropriate cases, the district court may adjust the "presumptively reasonable" lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975)(Kerr), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726 (1976), that would have been subsumed in the lodestar calculation. *D'Emanuelle v. Montgomery Ward & Co., Inc.,* 904 F.2d 1379, 1383 (9th Cir. 1990).

Factors to be considered in awarding attorneys' fees are: (1) time and labor

required; (2) skill requisite to properly perform legal services; (3) preclusion of other employment by attorney due to acceptance of case; (4) novelty and difficulty of questions presented; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client; (8) amount involved and results obtained; (9) experience, reputation and ability of attorney; (10) undesirability of case; (11) nature and length of professional relationship with client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975); *Rainey v Jackson State College* (1977, CA5 Miss) 551 F2d 672, reh den (1979, CA5 Miss) 591 F2d 1002; *King v Greenblatt* (1977, CA1 Mass) 560 F2d 1024, 43 ALR Fed 235, cert den (1978) 438 US 916, 57 L Ed 2d 1161, 98 S Ct 3146.

The Ninth Circuit takes the position that "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services ... If the applicant satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee ..." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987) (footnote and citation omitted). This Court directed the Defendants to meet this standard in the Order granting the Motion for Sanctions. However, these defendants have not addressed the *Kerr* factors. Accordingly, there exists no basis for an award of fees. *Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, at 1385 (9th Cir. 1984) (fee award remanded because district court presented no basis for its findings); *Hensley, supra* at 437.

Here, Defendants have failed to meet their burden to support its request for attorneys' fees. There is no mention of the factors required by LR 54-16 and *Kerr,* other than the hourly rate and number of hours spent on all Defendants. Therefore Court has no basis for awarding fees. Defendants are precluded from curing the defects of their request for fees in their reply brief. *United States v. Bohn*, 956 F.2d

208, 209 (9th Cir. 1992)(courts generally decline to consider arguments raised for the first time in a reply brief).

### b. The fees requested are excessive

Even if this Court were to entertain an award of fees based on the deficient pleading of the Defendants, the fees sought are excessive. The Defendants admit that the bill attached includes fees for other defendants, the State Bar of Nevada and Rob Bare. Looking at the bills, it is impossible to decipher which defendants each and every entry represents. Further, the fees include responses to Mr. Mirch's extension requests, and the writ. Mr. Mirch prevailed in obtaining the extension of time, and the fees could have been avoided had the Defendants stipulated to an extension as Plaintiff had done on their behalf. The reason for the extension was unexpected (Mr. Mirch had a stroke). Mr. Mirch has already suffered physically, he should not now be punished for a health condition that prevented him from working for some time. It is unreasonable for Defendants to seek fees pertaining to the extension requests.

Plaintiff does not believe that the Defendants have met their burden for an award of any amount. Nevertheless, if any fees are to awarded, they must be limited to the entries on the bill that <u>clearly</u> apply to the preparation of the motion to dismiss and motion for sanctions on behalf of Beesley, Peck and Christensen. Those are:

| | | |
|---|---|---|
| April 5, 2006 | 32.00 | Conf with Beesley |
| Apr 10, 2006 | 80.00 | Conf w/ Peck |
| Apr 11, 2006 | 160.00 | Motion Dismiss individual defendants |
| April 19, 2006 | 560.00 | Motion Sanctions |
| April 20, 2006 | 560.00 | Motion Sanctions |
| May 9, 2006 | 16.00 | Review correspondence from Beesley |
| | 64.00 | Affidavit of Beesley |
| Aug 10, 2006 | 640.00 | Reply in Support Motion Sanctions |
| Aug 12, 2006 | 480.00 | Reply Motion Sanctions |

TOTAL     $2592.00

Any award in excess of this amount is not supported by the bills submitted by the Defendants.

**c.     The amount of costs should be not include copying costs.**

Costs allowed to a prevailing party must be reasonable and within the scope of 28 USCS §1920  Federal Rule of Civil Procedure Rule 54(d) governs the award of costs to a prevailing defendant.  As indicated in FRCP 54(d), a party may move the Court to review a bill of costs.  Plaintiffs believe a review of Defendant's costs in this matter is appropriate.

Although award of costs to prevailing party under 28 USCS § 1920 is  usual, inclusion of various items within that award rests with discretion of trial judge; such discretion should be sparingly exercised with reference to expenses not specifically allowed by statute.   *Hodge v Seiler* (1977, CA5 La) 558 F2d 284, 2 Fed Rules Evid Serv 721.

In this case, Defendants filed a bill of costs concurrently with the fee request. That bill of costs includes an entry of $196.25, which is the total of photocopies for all defendants.  This amount should not be awarded as the defendants fail to indicate what was copied, the number of copies and the cost per copy.  The information provided is vague.  The copy charge must be excluded from any award of costs in this matter.

### III

### CONCLUSION

The Order granting Defendants Peck, Beesley and Christensen's Motion for Sanctions was conditioned on the Defendants submitting evidence of reasonable attorneys fees. Defendants have failed to meet their burden under LR 54-16 and *Kerr*. Therefore, this Court is precluded from  awarding any fees to the Defendants. In the event the Court awards fees absent the requisite factors of LR 54-16 and *Kerr*, the

7

amount should be limited to those items which clearly indicate they apply to these defendants as enumerated above in the amount of $2592.

Finally, the charge for copies on the Bill of Costs must be denied as it is vague.

Dated this 25th day of January, 2007.

LAW OFFICE OF MIRCH & MIRCH

By: _____/s/_____
MARIE C. MIRCH, ESQ.
NV SBN: 6747
320 Flint Street
Reno, NV 89501
Attorneys for Plaintiff

8