MIRCH & MIRCH
KEVIN J. MIRCH, ESQ.
NV Bar No. 000923
MARIE C. MIRCH, ESQ.
NV Bar No. 6747
320 Flint Street
Reno, Nevada  89501
(775) 324-7444
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN J. MIRCH, ESQ.

     Plaintiff,

  v.                                                          Case No. 3:05-CV-00641-RLH-RAM

BRUCE BEESLEY, ROB BARE,
BRIDGET ROBB PECK,
DONALD  CHRISTENSEN, STATE BAR
OF NEVADA, DOES I -X
A-Z Corporations,

     Defendant.
_____ /

## OPPOSITION TO SUPPLEMENT RESPONSE TO ORDER RE FEES

     COMES NOW, Plaintiff, KEVIN MIRCH, ESQ.,  by and through his counsel of record, MIRCH & MIRCH, MARIE C. MIRCH, ESQ., and opposes Defendants' Supplemental Response to Order Re Fees.

     This Opposition is made and based upon the following memorandum of points and authorities, exhibits, affidavits, and pleadings on file herein.

     DATED this 21st  day of March, 2007.

                          MIRCH & MIRCH

                          By:_____/s/_____
                            MARIE C. MIRCH, ESQ.
                            SBN Nev.:  6747
                            320 Flint Street
                            Reno, NV 89501
                            (775) 324-7444
                            Attorney for Plaintiff

## POINTS AND AUTHORITIES

### I

### FACTS

**a.   Initiation of Suit**

This action commenced on November 23, 2005 with the filing of a civil complaint, which was later amended on March 23, 2006. The First Amended Complaint was then served upon the Defendants in late March, 2006.

**b.   Mr. Mirch suffered a stroke**

On April 1, 2006, Mr. Mirch fell seriously ill and went to the emergency room of St. Mary's Hospital in Reno, Nevada.  Mr. Mirch remained ill and on Thursday morning , April 6, 2006 was admitted to St. Mary's Hospital.  Mr. Mirch remained in the hospital five days until his discharge late in the day of April 10, 2006.  The reason for Mr. Mirch's hospitalization was that he suffered a stroke on or about April 1, 2006. Mr. Mirch's medical records confirming his medical condition have been filed under seal with this Court.

**c.   Extension given to Defendants' Respondents to respond to First Amended Complaint**

As explained above, Mr. Mirch was released from the hospital on April 10, 2006.  Mrs. Mirch took Mr. Mirch home and cared for him.  Mrs Mirch is also Mr. Mirch's only law partner and not only cared for Mr. Mirch but made numerous trips to the office to keep mind the duties of the firms law practice.  One of those duties was the gracious extension of time the Defendants were given to respond to the First Amended Complaint.  A Stipulation was submitted on April 11, 2006, just the day after Mr. Mirch came home from the hospital.    *(Dock #9).*   The Order on the Stipulation was signed the very same day by the Honorable United States Magistrate Jude Robert McQuaid. *(Dock # 11).*  In their request for fees, Defendants even expect Plaintiff to pay for the fees incurred in obtaining the extension.

**d.    Defendants' Motions to Dismiss and Plaintiff's Request for Extension of Time**

On April 19, 2006, Defendants filed two motions to dismiss. (Dock #'s 12 & 13)  In light of Mr. Mirch's serious health condition, a Motion for Extension of Time was filed, seeking 60 days to respond to the two motions. *(Dock. # 14)*.  The Motion included the Affidavit of Marie Mirch, which explained the health condition of Mr. Mirch and the good cause for such an extension.  On May 15, 2006, the Defendants filed a Response to the Motion for Extension of Time, questioning Mr. Mirch's stroke. *(Dock #15)*.  Without allowing Mr. Mirch to reply to the opposition, Judge Hunt summarily denied the extension request and ordered the oppositions to both motions be filed within 10 days. *(Dock # 16)*.   On May 19, 2006 Defendants Beesley, Peck and Christensen filed a Motion for Sanctions. *(Dock # 11)*

Because Mr. Mirch was not physically capable of complying with Judge Hunt's Order to respond to the motions to dismiss within 10 days, a Petition for Writ of Mandamus was filed with the 9th Circuit Court of Appeals.  The 9th Circuit ordered a response from the defendants, *( Dock #28)* and later denied the writ as moot, because the 60 days requested by the extension had passed. *(Dock #39)*.  Also by the time of the 9th Circuit's decision, this Court had accepted copies of Mr. Mirch's medical records under seal and granted an extension of time. *(Dock #34)*.   A second motion for extension of time due to Mr. Mirch's health was granted by this Court on August 21, 2006. *Dock #38*.

**e.    Ruling by the Court**

Mr. Mirch filed his oppositions to the motions to dismiss and motion for sanctions, and the Defendants replied.   On January 9, 2007, this Court entered an Order granting the motions to dismiss and ruled on the Defendants' Motion for Sanctions as follows:

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions (#17) is GRANTED **to the extent that Defendants Beesley, Peck and**

**Christensen submit evidence of reasonable attorneys' fees** within two weeks from the date of this Order.

*Order at 19:10-12. # 48)*.

Defendants filed a Response to Order re Fees, requesting this Court to award the sum of $9,303.75, which is one half of the total bill incurred for not only Beesley, Peck and Christensen, but Defendants State Bar and Bare as well. *(Dock # 49)*. Defendants also filed a bill of costs.   Defendants' fees should have been denied in their entirety because Defendants have failed to meet the standard for an award of fees required in Federal Court.

This Court recognized this fatal deficiency in Defendants' Response to Order Re Fees, and on March 12, 2007 entered an order acknowledging that the Defendants could not recover fees for their failure to address the factors outlines in *Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67, 70 (9th Cir. 1975) *cert denied*, 425 U.S. 951, and Local Rule 54-16.  However, the Court gave the Defendants a second chance to cure their deficiencies.  (Dok #55).  This ruling by the Court is inconsistent with the treatment given Plaintiff in this action.   Plaintiff was never given a chance to reply to the opposition for motion for enlargement of time due to Mr. Mirch's serious health problems.  This Court did not accept the affidavit of Mr. Mirch's wife and partner or those of his treating physicians in accepting that Mr. Mirch was physically incapable of filing an opposition.  It is inconceivable that counsel and this Court believed that Mr. Mirch would feign such a serious health matter.

Defendants were given the professional courtesy of an extension of time to file their motion to dismiss, but the same was not afforded Plaintiff, and in fact mandated the filing of a writ to the Ninth Circuit on this Court's refusal to believe that Mr. Mirch had a valid health reason for his extension request.    The motion for extension and corresponding writ would have never been necessary had the Defendants afforded Plaintiff the same courtesy of stipulating to an extension.   Eventually, after the Ninth

4

Circuit ordered the Defendants to respond to the Writ, this Court instructed Plaintiff to file his medical records under seal and eventually did grant the extension motion.

Now, Defendants are instantly granted a second chance of curing the defects in their response to Order re Fees.  This is improper.  Defendants did not meet their burden of submitting reasonable fees, and therefore the entire amount should be denied in its entirety.  Even an examination of the bills attached to the supplement establish that fees are not warranted.

Further the copying costs must be denied as there is no specificity regarding the same.

## II

## LEGAL ANALYSIS AND ARGUMENT

In granting an award for attorney's fees under any statute or rule, the Court must initially determine that the fees requested are reasonable. To determine the reasonableness of attorney's fees, the court must be satisfied that the affidavits submitted by the parties are sufficient to enable the court to consider <u>all</u> the factors necessary for such determination. *Dennis v. Chang*, 611 F.2d 1302, 1308 (9th Cir. 1980).

The standard set by federal courts in determining a lodestar fee in ruling on a motion for attorneys' fees is that when the district court sets a fee, the court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983).  Next, in appropriate cases, the district court may adjust the "presumptively reasonable" lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975)(Kerr), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726 (1976), that would have been subsumed in the lodestar calculation.  *D'Emanuelle v. Montgomery Ward & Co., Inc.,* 904 F.2d 1379, 1383 (9th Cir. 1990).

Factors to be considered in awarding attorneys' fees are: (1) time and labor required; (2) skill requisite to properly perform legal services; (3) preclusion of other employment by attorney due to acceptance of case; (4) novelty and difficulty of questions presented; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client; (8) amount involved and results obtained; (9) experience, reputation and ability of attorney; (10) undesirability of case; (11) nature and length of professional relationship with client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975);   *Rainey v Jackson State College* (1977, CA5 Miss) 551 F2d 672, reh den (1979, CA5 Miss) 591 F2d 1002;   *King v Greenblatt* (1977, CA1 Mass) 560 F2d 1024, 43 ALR Fed 235, cert den (1978)  438 US 916, 57 L Ed 2d 1161, 98 S Ct 3146.

The Ninth Circuit  takes the position that "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services ... If the applicant satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee ..." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987) (footnote and citation omitted).

This Court directed the Defendants to meet this standard in the Order granting the Motion for Sanctions.  However, these defendants failed.  Nevertheless, the Court granted Defendants an second chance to cure their defect.  This is inconsistent with the rulings against Mr. Mirch in this action.  Mr. Mirch was initially summarily denied his extension request, even though he could not read at the time, and  the motion to dismiss was granted without leave to amend.  Mr. Mirch has demonstrated professional courtesy in stipulating to an extension for the Defendants, but now defendants want to recover fees in opposing Mr. Mirch's valid motion, and valid writ.  These fees were not necessary had the Defendants reciprocated in the professional courtesy of

stipulating to an extension request.  It is the Defendants own acts of inhumanity and spite in objecting to an extension request for an attorney who did not have the physical capacity to even read at that time, much less write an opposition to the 0motion.

In the reply to the first opposition to fees, Defendants argued that Plaintiff was merely rearguing the motion for sanctions.  Even at that time, Defendants failed to even acknowledge that it had the burden of establishing a reasonable fee under the *Kerr* factors.  Defendants were precluded from curing the defects of their request for fees in their reply brief.  *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992)(courts generally decline to consider arguments raised for the first time in a reply brief).  Nevertheless, the Court circumvents this general rule and gives the Defendants another chance because there is no basis for an award of fees absent a *Kerr* analysis.

The Defendants respond with an argument under each of the *Kerr* factors.  Essentially the Defendants claim that this federal action mirrors the state action in *MIrch v. McDonald Carano.*    This is a gross misrepresentation to this Court.  The *McDonald* case contained three causes of action against McDonald Carano for interference with contract, conspiracy and whistleblowing, quite distinctive from the present suit.  The present suit alleges the continuing use of the bar and administrative proceedings as a litigation tool against Mr. Mirch over a time span of over twenty years.

Further, the Defendants refer to what they label as  a "Mirch factor" in describing the difficulty of the case.  There is no explanation of the "Mirch factor".  In fact, the use of this term only enforces the allegations of Mr. Mirch's complaint  - that he is singled out as an object of the defendants and treated differently than is proper in litigation.   The bills also indicate a concerted effort of counsel not even related to the present case to disparage Mirch.  This includes an unsolicited call from Curtis Coulter "re Mirch's activities" and reviewing a fax from Mr. Coulter.  May 8, 2006.  Mr. Coulter has nothing to do with the motion to dismiss.  Neither does Ms.

Hart, who also appears to be participating in the actions against Mirch.  (May 9, 2006), or Mr. Eisenberg May 18, 2006.  All of these counsel are presently or have in the past been opposing counsel to Mr. Mirch in civil actions.

Further, there is no explanation as to why it was necessary to research the Mirch v. McDonald case and the IGT v. Siena case to prepare a motion to dismiss.  The motion to dismiss challenges the actual pleading accepting all facts as true.  The issues raised in the Defendant's motion had nothing to do with these outside counsel and other civil actions.

**b.  <u>The fees requested are excessive</u>**

Even if this Court were to entertain an award of fees based on the deficient pleading of the Defendants, the fees sought are excessive.  The Defendants admit that the bill attached includes fees for other defendants, the State Bar of Nevada and Rob Bare.  Looking at the bills, it is impossible to decipher which defendants each and every entry represents.  In fact, the client identified on the bill is the State Bar of Nevada, not the Defendants who are seeking the fees.  The bills support the argument that no award can be made.  The very documents upon which defendants rely defeats their argument.  The State Bar never moved for fees.  If all the Defendants are combined into one bill, there is no way to separate the entries that are attributable to each client.

Further, the fees include responses to Mr. Mirch's extension requests, and the writ.  Entries attributable to the writ alone total $3690.00.  Mr. Mirch prevailed in obtaining the extension of time, and the fees could have been avoided had the Defendants stipulated to an extension as Plaintiff had done on their behalf.  The reason for the extension was unexpected (Mr. Mirch had a stroke).  Mr. Mirch has already suffered physically, he should not now be punished for a health condition that prevented him from working for some time.  It is unreasonable for Defendants to seek fees pertaining to the extension requests or writ.

Plaintiff does not believe that the Defendants have met their burden for an award of any amount.  Nevertheless, if any fees are to awarded, they must be limited to the entries on the bill that <u>clearly</u> apply to the preparation of the motion to dismiss and motion for sanctions on behalf of Beesley, Peck and Christensen.  Those are:

| | | |
|---|---|---|
| April 5, 2006 | 32.00 | Conf with Beesley |
| Apr 10, 2006 | 80.00 | Conf w/ Peck |
| Apr 11, 2006 | 160.00 | Motion Dismiss individual defendants |
| April 19, 2006 | 560.00 | Motion Sanctions |
| April 20, 2006 | 560.00 | Motion Sanctions |
| May 9, 2006 | 16.00 | Review correspondence from Beesley |
| | 64.00 | Affidavit of Beesley |
| Aug 10, 2006 | 640.00 | Reply in Support Motion Sanctions |
| Aug 12, 2006 | 480.00 | Reply Motion Sanctions |
| TOTAL | $2592.00 | |

Any award in excess of this amount is not supported by the bills submitted by the Defendants.  The supplement to the fee request does not cure these defects.

**c.**  **<u>The amount of costs should be not include copying costs.</u>**

Costs allowed to a prevailing party must be reasonable and within the scope of 28 USCS §1920  Federal Rule of Civil Procedure Rule 54(d) governs the award of costs to a prevailing defendant.  As indicated in FRCP 54(d), a party may move the Court to review a bill of costs.  Plaintiffs believe a review of Defendant's costs in this matter is appropriate.

Although award of costs to prevailing party under 28 USCS § 1920 is  usual, inclusion of various items within that award rests with discretion of trial judge; such discretion should be sparingly exercised with reference to expenses not specifically allowed by statute.  *Hodge v Seiler* (1977, CA5 La) 558 F2d 284, 2 Fed Rules Evid Serv 721.

In this case, Defendants filed a bill of costs concurrently with the fee request. That bill of costs includes an entry of $196.25, which is the total of photocopies for all defendants. This amount should not be awarded as the defendants still fail to indicate what was copied, the number of copies and the cost per copy. The information provided is vague. The copy charge must be excluded from any award of costs in this matter.

## III

## CONCLUSION

The Order granting Defendants Peck, Beesley and Christensen's Motion for Sanctions was conditioned on the Defendants submitting evidence of reasonable attorneys fees. Defendants failed to meet their burden under LR 54-16 and *Kerr*. Even so, the Court favored the Defendants by giving them a second chance to follow the law. Defendants still have failed to meet their burden. They submit bills that are not even addressed to the Defendants seeking fees, and admittedly include fees for the State Bar and Rob Bare. It is improper for the Defendants to lump the entire amount of fees and split it in half to claim fees for the Beesely, Peck and Christensen defendants. Defendants should have pointed out the very entries to which the fees may have applied to these defendants. They did not. Therefore, this Court is precluded from awarding any fees to the Defendants.

Nevertheless, the Court provided Defendants a second opportunity to correct the defects of their fee request. The only "corrections" made to the fee request is a itemization of the *Kerr* factors, but there is no clarification of the entries on the bills. Defendant has intertwined services rendered to the State Bar, and is claiming fees from a bill addressed to the State Bar. There are no bills to Beesley, Peck and Christensen included in the support documentation to the fee request. The Court cannot merely rely on the affidavit of counsel, as it has established that affidavits are not sufficient evidence in its rejection of the affidavit of Marie Mirch, Nancy Conley, M.D. and

Richard Meier in Plaintiff's motion for extension due to his stroke.  Plaintiff was required to submit the actual medical records of Mr. Mirch to prove his condition.  The same stringent standard should be applied to the Defendants.  Simply stating that the fees are reasonable and necessary and arbitrarily claiming half should be allocated to Defendants Beesely, Peck, and Christensen is not sufficient.  The documentation must support the statement, and in this case, it simply does not.   In fact it does the opposite, as the bills are addressed to the State Bar, not any of the Defendants claiming reimbursement of fees.   On their face, the bills should be rejected in their entirety, as the State Bar is not a party to this motion for fees.

Nevertheless, in the event the Court does award fees , the amount should be limited to those items which clearly indicate they apply to these defendants as enumerated above in the amount of $2592.  There is no basis upon which this Court can make a finding for any more than that as the bills cover the defense of the State Bar and Rob Bare, and in fact all bills are addressed to the State Bar.  Beesley, Christensen and Peck incurred no fees in this action based on the documentation submitted to this Court.

Finally, the charge for copies on the Bill of Costs must be denied as it is vague.

Dated this 21st  day of March , 2007.

LAW OFFICE OF MIRCH & MIRCH

By:_____/s/_____
       MARIE C. MIRCH, ESQ.
       NV SBN: 6747
       320 Flint Street
       Reno, NV 89501
       Attorneys for Plaintiff