UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN J. MIRCH, <br><br> Plaintiff, <br><br> vs. <br><br> BRUCE BEESLEY, ROB BARE, BRIDGET ROBB PECK, DONALD CHRISTENSEN, STATE BAR OF NEVADA, DOES I - X, A-Z CORPORATIONS, <br><br> Defendants. | Case No.: 3:05-cv-00641-RLH-RAM <br><br> **O R D E R** <br><br> (Supplement to Response to Order re Fees–#56) |

  Before the Court is Bruce Beesley ("Beesley"), Bridget Robb Peck ("Peck") and Donald Christensen's ("Christensen") (collectively "Defendants") **Supplement to Response to Order re Fees** (#56), filed March 16, 2007. The Court has also considered Plaintiff's Opposition (#57), filed March 21, 2007.

**BACKGROUND**

  The facts of this case are provided in the Court's order entered on January 9, 2007, and need not be restated here. In that order, the Court granted, among other things, Defendants' motion for sanctions "to the extent that Defendants submit evidence of reasonable attorneys' fees." (Dkt # 48). On January 16, 2007, Defendants filed a Response to the Court's order regarding fees. After reviewing the Response, the Court found that Defendants had failed to address the *Kerr*

1

factors or Local Rule 54-16. (Dkt. #55). In its discretion, the Court allowed Defendants five (5) additional days to address the *Kerr* factors or Local Rule 54-16 in a supplemental response. On March 16, 2007, Defendants complied with the Court's order (Dkt. #55) and filed the instant "supplement to response to order re fees" (the "Supplement"). The Court considers Defendants' supplement below.

**DISCUSSION**

**I. Sanctions**

Sanctions imposed under Rule 11 of the Federal Rules of Civil Procedure "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," and may include an award for "reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2). In calculating a reasonable attorneys' fee award, courts generally start by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate to reach the lodestar figure. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure may then be adjusted upward or downward by the *Kerr* factors[1] that are not subsumed within the initial lodestar calculation.[2] *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988), *vacated on other grounds*, 490 U.S. 1087 (1989), *decision adhered to on remand*, 886 F.2d 235 (9th Cir. 1989).

---

[1] The *Kerr* factors are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert denied*, 425 U.S. 951, 96 (1976).

[2] The subsumed factors are: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation, and (4) the results obtained." *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988), *vacated on other grounds*, 490 U.S. 1087 (1989), *decision adhered to on remand*, 886 F.2d 235 (9th Cir. 1989).

The local rules of practice adopted by this federal judicial district expressly incorporate the *Kerr* factors into the rule governing motions for attorneys' fees. LR 54-16.

Here, Defendants seek attorneys' fees in the amount of $9,303.75 and costs in the amount of $240.19. In support of their request, Defendants address the *Kerr* factors and Local Rule 54-16 in their supplement. They also submit a declaration from Mark J. Lenz, counsel of record, who, among other things, attests to the hourly rate charged and the amount of time expended on the case. In addition, Defendants submit an itemized billing statement, which describes the type of tasks performed, the hours it took to perform the task, and the initials of the lawyer or legal assistant who completed the task.

**A. Reasonable Hourly Rate**

A reasonable hourly rate is reached by looking to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). These rates are assessed by what a lawyer of comparable skill, experience, and reputation could command in the relevant community. *Id*. The relevant community is generally the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (citation omitted). The party requesting the fee has the burden of producing "satisfactory evidence - in addition to the attorney's own affidavits" that the requested rates are prevailing market rates in the community. *Blum,* 465 U.S. at 895 n.11.

Here, Defendants provide a supplement, a declaration, and billing statements addressing the hourly rate charged and the customary rate charged in the community. As for the billing statements, the first statement reflects that attorneys Margo Piscevich (Piscevich") and Mark Lenz ("Lenz") worked on this case and charged an hourly rate of $160 and $152.61, respectively. The only change in the second billing statement is that Mr. Lenz's hourly rate increased to $160. In addition to the attorneys hourly rate, the billing statements also reflect the hourly rate of $80 for the legal assistants' work.

With respect to the customary rates, Defendants assert that the customary business

litigation fees in this community range from $200 per hour to well over $350 per hour.  In light of these customary fees, Defendants claim that $160 per hour is well below the customary fee for similar services.   The Court agrees with Defendants proposed billing rates and finds that those rates are commensurate with the experience and reputation of its attorneys.  Based on the aforementioned, the Court finds that the hourly rates of $80, $157.61, and $160 are reasonable.

**B. Reasonable Hours Expended**

In assessing the reasonable amount of hours expended by the attorneys on this matter, the Court is guided by the following subsumed *Kerr* factors: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation, and (4) the results obtained." *Morales v. City of San Rafael,* 96 F.3d 359, 364 n.9 (9th Cir. 1996).  The party seeking the award must provide adequate documentation of the number of hours worked.  *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983).

Here, Defendants billed 125 hours for work performed from the commencement of the litigation through the order dismissing the first amended complaint.  Defendants admit that the billing statements include the number of hours worked on behalf of the State Bar and Rob Bare, both of whom are parties to the litigation but were not parties to the motion for sanctions.  Plaintiff argues that if all the Defendants, including the State Bar and Rob Bare are combined into one bill, there is no way to separate the entries that are attributable to each client, thereby precluding an award of fees.  In the alternative, Plaintiff argues that if an award is granted it should be limited to the entries on the bill that clearly apply to the preparation of the motion to dismiss and motion for sanctions on behalf of Defendants.  The Court disagrees with both of Plaintiff's suggested resolutions.

In reviewing the billing statements, the Court finds that the entries therein clearly show that the work performed was necessary and relevant to each of the Defendants, including the State Bar and Rob Bare.  For example, some of the entries reflect that Defendants' attorneys spent time reviewing the complaint, performing fact investigation and development, and reviewing and

preparing exhibits. Although none of those entries identifies the individual's name for whom the work was done, it is clear that those entries reflect work done on behalf of the moving Defendants, the State Bar, and Rob Bare. In the Courts view, the lack of identification is best resolved by Defendants' suggestion of splitting the fees in half between Defendants and the State Bar, including Rob Bare.

To the extent that the billing statements include entries for work performed on matters relating to Plaintiff's extension requests and writ, Plaintiff argues that awarding fees for these entries is unreasonable. The Court agrees. Plaintiff's extension requests and writ were not frivolous filings, whereas the Court's underlying order awarded sanctions based on Plaintiff's filling of a frivolous complaint. Therefore, the Court reduces the billed hours by 41.9 hours, which reflects the time Defendants' attorneys spent on matters relating to Plaintiff's extension requests and writ.

Having discussed Plaintiff's arguments, the Court turns to the four subsumed *Kerr* factors, which further supports the number of hours the attorneys spent on this matter. First, the attorneys' work required defending allegations and arguments in this case, which were novel and difficult considering the convoluted nature of Plaintiff's complaint and the legal questions involved. Second, it took some skill for the attorneys to analyze the Sherman and Clayton Acts, *Younger* abstention doctrine, the Eleventh Amendment, and pendent state law claims. Third, the attorneys in this case possessed sufficient legal experience and ability to adequately defend this case. Fourth, the attorneys reached a favorable result, whereby the Court dismissed Plaintiff's complaint. Thus, the 83.9 hours the attorneys spent working on this matter are found to be reasonable.

**C. Total Attorneys' Fee Award**

In light of the above discussion, the Court finds that a total of 83.9 hours was reasonably expended on this case at the reasonable hourly rates of $80, $152.61, and $160, thereby arriving at a lodestar figure in the amount of $12,213.24. Because the billing statements reflect

work done on behalf of the State Bar and Rob Bare, the Court further finds that splitting the sum of $12,213.24 in half is sufficient to reach a reasonable attorneys' fees award, *see* discussion *supra* Section B.  Thus, the Court awards sanctions in the form of attorneys' fees in the amount of $6,106.62 as outlined here.

| *Attorney* | *Hours* | *Rate* | *Lodestar* |
|---|---|---|---|
| Margo Piscevich | 3.30 | $160 | $528 |
| Mark Lenz | 54.50 & 16 | $152.61 & $160 | $8,317.24 & $2,560 |
| Legal Assistants | 10.1 | $80 | $808 |
| **Total** | 83.9 | | $12,213.24/2 = **$6,106.62** |

## II. Bill of Costs

Defendants also move for costs associated with this litigation in the amount of $240.19.  An award of costs is governed by Rule 54(d)(1) of the Federal Rules of Civil Procedure, whereby the rule provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1).  Although this rule creates a presumption in favor of awarding costs to a prevailing party, the court retains discretion to grant or deny those costs. *Ass'n of Mexican-American Educators v. State of Calif.*, 231 F.3d 572, 593 (9th Cir. 2000).  The local rules of this district require "[a]n itemization and, where available, documentation of requested costs in all categories must be attached to the bill of costs."  LR 54-1(b).

In the instant matter, Defendants submitted a bill of costs for the following expenses: (1) fees for exemplification and copies of papers necessarily obtained for use in the case - $196.25; and (2) other costs - itemized as costs for postage - $10.62, facsimile - $7.70, and delivery service - $25.62.  Plaintiff objects to the expenses paid for photocopies and argues that Defendants failure to indicate what was copied, the number of copies, and the cost per copy should result in a denial of the costs as vague.  Contrary to Plaintiff's objection, the Court finds that Defendants have sufficiently itemized their costs and that the photocopy expenses are not vague.

1 | Accordingly, an award of costs is entered in the amount of $240.19.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff pay sanctions in the form of attorneys' fees in the amount of $6,106.62 and costs in the amount of $240.19.

Dated:   May 9, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**